## PEOPLE *v.* CLUM.

1. STATUTES—CONSTITUTIONAL LAW—COLLATERAL ATTACK—COURTS —RECORDER'S COURT—CRIMINAL LAW.

The validity of the statute under which the recorder's court of the city of Detroit was organized (Act No. 369, Pub. Acts 1919) could not be attacked collaterally in a prosecution in said court for violation of the "blue sky law" (3 Comp. Laws 1915, § 11945 *et. seq.*), *Gildemeister* v. *Lindsay*, 212 Mich. 299.

2. INDICTMENT AND INFORMATION—AMENDMENT—TIME OF COMMITTING OFFENSE—CRIMINAL LAW—"BLUE SKY LAW."

An information charging a violation of the "blue sky law" on May 31st, was properly allowed to be amended to read "on the 31st day of May and divers other days and dates," under 3 Comp. Laws 1915, §§ 15746-15749, since time was not of the essence of the offense charged, and no claim was made that the amendment necessitated a continuance to enable the defendant to go to trial safely.

3. CRIMINAL LAW—"BLUE SKY LAW"—STOCK—INVESTMENT COMPANY.

In a prosecution for violation of the "blue sky law," the shares of an unincorporated association, organized under

the common law for the purpose of collecting, for a consideration, "slow pay" accounts of business men, members of the association, having a declaration of trust in favor of the association recorded in the office of the register of deeds of the county, is "stock" and the association an investment company within the meaning of section 2 of said statute (3 Comp. Laws 1915, § 11946).

4. SAME—"DEALER"—EVIDENCE—QUESTION FOR JURY.

Where there was evidence connecting defendant, the secretary of the association, with sales "made in the course' of continued and successive transactions of a similar nature," he could not complain because the question of whether he was a "dealer" within the meaning of the act was treated by the court as a question of fact and submitted to the jury.

5. SAME—EXCEPTIONS—TRUST CAPACITY.

That defendant made the sales of stock complained of as secretary of the association, would not bring him within the exception of section 10 of the statute (3 Comp. Laws 1915, § 11954), since he was not acting in a trust capacity "created by law."

Error to recorder's court of Detroit; Keidan (Harry B.), J. Submitted January 13, 1921. (Docket No. 119.) Decided March 30, 1921.

Frederick H. Clum was convicted of violating the "blue sky law," and sentenced to imprisonment for not less than 6 months nor more than 1 year in the Detroit house of correction. Affirmed.

*Grece & McDonald*, for appellant.

*Merlin Wiley*, Attorney General, *Matthew H. Bishop*, Prosecuting Attorney, and *Collins B. Scott*, Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant has appealed from a conviction in recorder's court of Detroit, Wayne county, for a violation of Act No. 46, Pub. Acts 1915 (3 Comp.

Laws 1915, § 11945 *et seq.*), known as the "blue sky law."

The information charged that defendant with another

"heretofore, to wit, on the 31st day of May, in A. D. 1920, at the city of Detroit, in the county aforesaid, was then and there a dealer within the meaning of Act No. 46 of the Public Acts of the State of Michigan for the year 1915, and did then and there offer for sale to Richard C. O'Donnell and Annie M. Clark and to divers other persons, the stock of a certain company known and designated as the National Business Men's Protective Association of Detroit, said company being then and there an investment company within the meaning of Act No. 46 of the Public Acts of the State of Michigan for the year 1915, and then and there selling, negotiating for the sale of its stock by itself and through others." * * *

The information then negatived the exceptions contained in section 3 of the act. It recited that there had not been a filing with Michigan securities commission of the statements, plan, prospectus, proposed advertising, copy of articles of incorporation, constitution and by-laws or other papers pertaining to the organization as required by the act, and it continued:

"And it, the said investment company, not having paid any filing fee whatsoever, and the said Frederick H. Clum, and John O. Carter, offering said stocks, as aforesaid, of the said National Business Men's Protective Association of Detroit, in the course of continued successive transactions of a similar nature, and not being then and there the issuer of said stocks; and they the said Frederick H. Clum and the said John O. Carter, then and there offering said stock for sale in quantities less than the entire issue thereof, and not having made application to the said Michigan securities commission for a certificate of approval of the said stocks and such application not having been made by any other dealer or dealers whatsoever, or by any other persons, and said Michigan securities com-

mission not having approved the sale of such securities, the stock of said National Business Men's Protective Association of Detroit, and not having issued a certificate of such approval, in accordance with the provisions of Act No. 46 of the Public Acts of the State of Michigan, for the year 1915, contrary to the form of the statute in such case made and provided."
*    *    *

At the opening of the trial the prosecution was permitted, counsel for defendant objecting, to amend the information to read: "on the 31st day of May and divers other days and dates."

The certificates for preferred stock issued to said persons, names and dates omitted, were in this form:

"Organized Under the Common Law.
"Number ............        ........... Shares
        "National Business Men's Protective
                        Association.
"Preferred shares, $25,000.00        Common shares,
                        7,500 without par value.
                "Capital Shares.
"This certifies, that..................... is the holder of...................... shares of the par value of ten dollars each in the preferred capital stock of the National Business Men's Protective Association, fully paid and non-assessable, subject to declaration of trust in favor of said association, dated May 7th, 1919, and recorded with register of deeds, in Wayne county, Michigan, No. 471840, and transferable only on the books of the association by holder hereof in person or by attorney upon surrender of this certificate properly indorsed.
"The holder of this preferred share certificate shall be entitled to receive cumulative, semi-annually paid dividends at the rate of seven per cent. per annum and no more and in event of liquidation of the association shall be entitled to be paid in full both the par amount of their shares and the unpaid dividends accrued thereon before any amount shall be paid to the holder of the common shares.
"Witness the seal of the association and the signa-

tures of its duly authorized officers this . . . . . . . . . . .
day of . . . . . . . . . . . . . . . . . . . . . . A. D. 1919.
                [Signed]  "J. O. CARTER, President.
                [Signed]  "F. H. CLUM, Secretary.
                   "Shares $10 each."

The certificates for common stock issued to said
persons, names and dates omitted, were in this form:

            "Organized Under the Common Law.
"Number . . . . . . . . . . .        . . . . . . . . . . Shares
            "National Business Men's Protective
                     Association.
"Preferred shares, $25,000.00         Common shares,
                                 7,500 without par value.
            "Capital shares 10,000
   "This certifies that. . . . . . . . . . . . . . . is the holder
of. . . . . . . . . . . . . . . . . . . shares of the capital stock of
National Business Men's Protective Association, sub-
ject to declaration of trust in favor of said association,
dated May 7th, A. D. 1919, and recorded with register
of deeds, Wayne county, Michigan, No. 471840, and
transferable only on the books of the association by
holder hereof in person or by attorney upon surrender
of this certificate properly indorsed.

   "In witness whereof, the said association has caused
this certificate to be signed by its duly authorized
officers and to be sealed with the seal of the associa-
tion this. . . . . . . . . . . . . day of . . . . . . . . . . . . . . . .,
A. D. 1919.
                [Signed]  "J. O. CARTER, President.
                [Signed]  "F. H. CLUM, Secretary."

The purpose of the association was said to be the
collection for a consideration of "slow pay" accounts
of business men, members of the association, who
were to pay to the association a membership fee.

Several reasons for setting aside the conviction are
urged.

1. That Act No. 369, Pub. Acts 1919, relating to
municipal courts, is invalid. This question as here
raised was disposed of in the case of *Gildemeister* v.
*Lindsay,* 212 Mich. 299.

2. That the court erred in permitting the amendment of the information. Time is not of the essence of the offense. The information charged an offense under the statute. The several transactions might all have occurred on May 31st. The amendment under which the prosecution showed the transactions of May 31st, June 2d, and June 10th, with Richard C. O'Donnell and Annie M. Clark was properly allowed. See sections 15746-15749, 3 Comp. Laws, 1915; *People* v. *Hoffmann*, 142 Mich. 542; *People* v. *Nichols*, 159 Mich. 355; *People* v. *Hamilton*, 76 Mich. 212; *Cole* v. *People*, 37 Mich. 544. And there is no claim that the amendment necessitated a continuance to enable the defendant to go to trial safely. See *People* v. *Perriman*, 72 Mich. 184.

3. That the association was not incorporated under the laws of this or any other State but was organized under the common law having a declaration of trust in favor of the association recorded in the office of the register of deeds of the county, and the so-called stock was not therefore stock within the meaning of the act.

The sections of the act here important are:

"SECTION 2. Every person, corporation, co-partnership, company, or association (except those exempt under the provisions of this act) organized, or which shall hereafter be organized in this State, whether incorporated or unincorporated, which shall either himself, themselves or itself, or by or through others, sell or negotiate for the sale of any stocks, bonds or other securities issued by him, them or it within the State of Michigan, shall be known for the purposes of this act as a domestic investment company. Every such person, corporation, co-partnership, or association resident of or organized in any other State, Territory or Government, shall be known for the purposes of this act as a foreign investment company."

"SECTION 10. Any person, firm, co-partnership, corporation or association whether domestic or

foreign, not the issuer, who shall in this State sell or offer for sale any of the stocks, bonds, or other securities issued by any foreign or domestic investment company, except the securities specifically exempted in this act, or, who shall by advertisement or otherwise profess to engage in the business of selling or offering for sale such securities, shall be deemed to be a 'dealer' in such securities within the meaning of this act, and no dealer within the meaning of this act shall sell or offer for sale any such securities or profess the business of selling or offering for sale such securities unless and until he shall have filed a list of the same in the office of the Michigan securities commission as in this act provided. The term 'dealers' shall not include an owner not issuer, of such securities so owned by him when such sale is not made in the course of continued and successive transactions of a similar nature, nor one who in a trust capacity created by law lawfully sells any securities embraced within such trust."

The association was an investment company within the meaning of section 2. The defendant was not an issuer of stock, the association was the issuer. The shares into which the capital of this association was divided and for which certificates were issued as stated were stock within the meaning of the act, the selling and offering for sale of which were forbidden except as provided by the act. There was evidence connecting defendant as stated with sales "made in the course of continued and successive transactions of a similar nature." Whether he was a dealer within the meaning of the section quoted was treated by the court as a question of fact and submitted to the jury. Of this defendant may not complain. See *Edward* v. *Ioor*, 205 Mich. at page 622.

There is no exception in favor of defendant in the concluding clause of section 10. He was not acting in a trust capacity "created by law."

Other questions discussed briefly by counsel have been considered. We find no reversible error.

The conviction and judgment are affirmed.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.