PEOPLE *v.* OCHENFELS.

1. CONSTITUTIONAL LAW—STATUTES—COLLATERAL ATTACK—COURTS
—RECORDER'S COURT—CRIMINAL LAW.
   The validity of the statute amending the recorder's court
   act, under which the trial judge was elected (Act No.
   369, Pub. Acts 1919), could not be attacked collaterally
   in a prosecution in that court.

2. RECEIVING STOLEN GOODS—EVIDENCE—SUFFICIENCY — CRIMINAL
LAW—QUESTION FOR JURY.
   In a prosecution for receiving and aiding in the conceal-
   ment of stolen property, knowing it to have been stolen,
   under 3 Comp. Laws 1915, § 15301, evidence *held*, suf-
   ficient to take the case to the jury.

3. SAME—GUILTY KNOWLEDGE—CONCEALMENT OF STOLEN GOODS.
   Instruction by the trial judge that defendant might be
   convicted under said statute if he had "knowledge at the
   time of his receiving, or later while the property was
   in his possession," *held*, erroneous, since a receiver must
   possess such guilty knowledge at the time the property
   comes into his possession to justify his conviction.

4. SAME—CONCEALMENT OF STOLEN GOODS — SEPARATE COUNTS—
CRIMINAL LAW.
   The provision in said statute relative to the aiding in the
   concealment of stolen property *seems* to have been in-
   serted to cover a case where the charge of receiving would
   not lie; if both offenses are charged it should be by way
   of separate counts.

5. CRIMINAL LAW—TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVI-
DENCE—PRESUMPTION OF INNOCENCE.
   The expression "preponderance of the evidence" has no
   application in a criminal case, where the evidence must
   satisfy the jury beyond a reasonable doubt of the de-
   fendant's guilt, and its use by the trial judge in in-
   structing the jury as to the presumption of innocence
   was unfortunate.

On knowledge necessary to convict one of receiving stolen
property, see note in 22 L. R. A. (N. S.) 833.
    216—Mich.—40.

6. SAME—INSTRUCTIONS—REPUTATION.

> Although the trial judge might well have omitted any reference to defendant's reputation in his charge to the jury, yet in view of the fact that defendant and another witness testified in reference thereto, defendant could not complain of the following instruction: "Now, there has been some little evidence in this case of good character; that is, so-called character witness. It is your duty to weigh that testimony and give it such consideration as you believe it merits in the case."

Error to recorder's court of Detroit; Marsh (Pliny W.), J. Submitted October 14, 1921. (Docket No. 183.) Decided December 21, 1921.

Adolph J. Ochenfels was convicted of receiving stolen property, and sentenced to imprisonment for 90 days in the Detroit house of correction. Reversed.

*Peter P. Boyle*, for appellant.

*Merlin Wiley*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *John V. Brennan*, Assistant Prosecuting Attorney, for the people.

SHARPE, J. The defendant was charged, in the recorder's court of the city of Detroit, with receiving and aiding in the concealment of stolen property, knowing it to have been stolen, under section 15301, 3 Comp. Laws 1915. The claim of the prosecution is that the defendant, who was at that time superintendent of service of the Kettenring Sales Company of Detroit, purchased a battery from Earl Williams, stockkeeper for Faver-Cavanagh Company, for $20, the selling price being $32.12, and that defendant at the time of the purchase knew that Williams had stolen it from his employer. Defendant seeks review of his conviction by writ of error.

1. Counsel assails the validity of the statute amending the recorder's court act under which the trial judge was elected (Act No. 369, Public Acts 1919). We

held in *People* v. *Clum,* 213 Mich. 651, that this statute could not be attacked collaterally in a prosecution in that court. See, also, *Gildemeister* v. *Lindsay,* 212 Mich. 299.

2. When the prosecution had rested, defendant's counsel moved for his discharge for the reason that no sufficient proof had been offered to justify a conviction. We have read the record with care and think this motion was properly overruled. There was evidence tending to prove that defendant knew the battery was stolen by Williams at the time he purchased it for less than its value.

3. Defendant's Requests to Charge. While some of the requests stated the law applicable to the offense charged and might well have been given, we think the substance of them was covered by the general charge and, in view of the record, no prejudicial error resulted from the refusal to give them.

4. The court in its charge, after stating the elements of the offense, said:

"In addition to that, gentlemen of the jury, it will be necessary for you to find that the property in question was stolen; that is, that it was the subject of a larceny, and that as such stolen property was received by the defendant with knowledge, *or later come to his knowledge,* of the fact that it had been so stolen."

In the succeeding paragraph the jury were again instructed that the defendant must have had "knowledge at the time of his receiving, *or later while the property was in his possession,*" that "the property in question had been stolen." There was no concealment of the battery by either Williams or the defendant. The theory of the prosecution was that Williams committed the larceny under an arrangement by which defendant was to purchase it from him at a reduced price and that such arrangement was carried out. The battery stolen was returned by the defendant to the

company from which it had been stolen by Williams and another received in exchange for it. The words *italicized* should not have been included in the charge. While the statute makes it an offense for one to aid in the concealment of stolen property, knowing it to have been stolen, thus rendering assistance to the thief in his violation of the law, a receiver must possess such guilty knowledge at the time the property comes into his possession to justify his conviction. Indeed, it seems apparent that the provision relative to the aiding in the concealment of stolen property was inserted in the statute to cover a case where the charge of receiving would not lie. As a rule, if both offenses are charged, it is by way of separate counts. *People* v. *Reynolds,* 2 Mich. 422.

5. After instructing the jury as to the presumption of innocence, the court said:

"It is necessary, in other words, for the people to convince you beyond any reasonable doubt of the guilt of the defendant by a preponderance of the evidence. By a preponderance of evidence, gentlemen of the jury, is not meant a greater volume of testimony, but is meant that the testimony that is produced by the people convinces you and each of you beyond a reasonable doubt of the guilt of the defendant."

The use of the expression "preponderance of the evidence" was unfortunate. It has no application in a criminal case, where the evidence must satisfy the jury beyond a reasonable doubt of the defendant's guilt. See Tiffany's Criminal Law (5th Ed.), p. 526; *People* v. *Karamol,* 173 Mich. 354.

6. The defendant testified that he had never been arrested before or had "trouble of any kind with the officers of the law." A witness called by him was asked:

"Have you ever heard anything which might reflect on the character and fair dealing and honesty of Mr. Ochenfels?"

On objection, the court fairly stated 'the rule to counsel, saying:

"He must be able to testify to the man's reputation for truth and veracity in the neighborhood where he lives."

Of course, his general reputation might also have been shown. Counsel for the defendant did not pursue the matter further. The court might well have omitted any reference to reputation in his charge. The instruction given cannot be complained of by the defendant.

We have considered the assignments not discussed. Many of them are not likely to arise on a new trial. The others we deem without merit.

For the errors pointed out, the conviction and sentence are reversed and a new trial granted.

STEERE, C. J., and WIEST, STONE, CLARK, and BIRD, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.