(November 6, 1922.)

## STATE, Appellant, v. T. B. COSGROVE, Respondent.

[210 Pac. 393.]

BLUE SKY LAW — STATUTORY CONSTRUCTION — COMMON-LAW TRUST — CONSTITUTIONAL DEFINITION OF "CORPORATION"—THE TERMS "CORPORATION," "COPARTNERSHIP," "ASSOCIATION," "TRUST," DEFINED AND DISTINGUISHED.

    1. The term "corporation," as used in sec. 16, art. 1 of the constitution of this state, is there defined only with reference to. its use in said section. The particular meaning there attached to it cannot be extended so as to constitute a legal definition of the term "corporation" when used in a *quasi*-penal statute enacted long subsequent.

    2. The word "association," as used in C. S., sec. 5305, commonly known as the Blue Sky Law, should be construed to include such a common-law trust as is described in the information in this case.

    3. In construing statutes, words in common use among the people are to be understood in their general signification, and this rule is specially applicable to statutes of a penal nature.

    4. *Held,* that the information in this case states a public offense.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Criminal proceeding for violation of Blue Sky Law. Orders sustaining demurrers to information. *Reversed.*

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Appellant.

The Montana Syndicate is an investment company within the scope and purview of chap. 206, C. S. (Art. 11, sec. 16,

Publisher's Note.

    2. Validity and effect of blue sky laws, see notes in **Ann. Cas.** 1916A, 706; **Ann. Cas.** 1917C, 650; 15 **A. L. R.** 262.

Ida. Const.; C. S., sec. 5305; *Spotswood v. Morris*, 12 Ida. 360, 85 Pac. 1094; *Harris v. United States Mexico Oil Co.*, 110 Kan. 532, 204 Pac. 754; *People v. Clum*, 213 Mich. 651, 182 N. W. 136, 15 A. L. R. 253.)

The sale of units of capital stock of the Montana Syndicate constitutes a violation of C. S., sec. 5305. (*People v. Clum*, *supra; State v. Summerland*, 150 Minn. 266, 185 N. W. 255; *State v. Gopher Tire Rubber Co.*, 146 Minn. 52, 177 N. W. 937.)

The appellant is an agent of an investment company, as defined in C. S., sec. 5305.

The sale of units of capital stock in a common-law trust is a violation of C. S., sec. 5305.

H. J. Hull, for Respondent.

In the construction of penal statutes, the legislative intent is in most cases found by giving to the words the meaning in which they are used in ordinary speech. (*Sarlls v. United States*, 152 U. S. 574, 14 Sup. Ct. 720, 38 L. ed. 557; *Kirk v. Farmers Union Grain Agency* (Or.), 202 Pac. 731; sec. 9455, C. S.)

The Montana Syndicate is a "pure trust" and not a corporation, copartnership or association within the meaning of chap. 206, C. S., as amended by 1921 Session Laws, p. 29. It is not a copartnership. (*Mayo v. Moritz*, 151 Mass. 481, 24 N. E. 1083; *Williams v. Milton*, 215 Mass. 481, 102 N. E. 355; *Rhode Island Hospital Trust Co. v. Copeland*, 39 R. I. 193, 98 Atl. 273; *Smith v. Anderson*, 15 Ch. Div. 247; *Wells Stone Co. v. Grover*, 7 N. D. 460, 75 N. W. 911, 41 L. R. A. 252; *Crocker v. Malley*, 249 U. S. 223, 2 A. L. R. 1601, 39 Sup. Ct. 270, 63 L. ed. 573.) It is not an association. (*Crocker v. Malley*, 249 U. S. 223, 2 A. L. R. 1601, 39 Sup. Ct. 270, 63 L. ed. 573; *Smith v. Anderson*, 15 Ch. Div. 247.) It is not a corporation. (*Spotswood v. Morris*, 15 Ida. 360, 85 Pac. 1094.)

The "units" of the Montana Syndicate are not "stocks, bonds or other securities," within the meaning of C. S., chap. 206, as amended by 1921 Sess. Laws, p. 29.

BUDGE, J.—Respondent was accused by information filed in the district court on September 10, 1921, of the crime of violating the Blue Sky Law, committed as follows:

". . . . on or about the 8th day of March, 1921, in and at the County of Shoshone, State of Idaho, the said T. B. Cosgrove did then and there knowingly, wilfully and unlawfully, as agent for the Montana Syndicate, hereinafter described, sell to one J. D. Chisholm one (1) unit of the capital stock of the said Montana Syndicate, a common law trust of the State of Montana, for the sum of One hundred dollars ($100) money of the United States, the said Montana Syndicate being a common law trust, organized and existing for the sole purpose of dealing in and developing oil lands and oil wells in the State of Montana, and marketing the products thereof, the said Montana Syndicate or its officers or the said T. B. Cosgrove, not having complied with the provisions of Chapter 206, of Title 39 of the Idaho Compiled Statutes, and not having secured a permit under the provisions of said Chapter to do business in the State of Idaho, and said T. B. Cosgrove having failed to register with the Department of Commerce and Industry as agent for said Montana Syndicate, as provided by Section 5311 of the Idaho Compiled Statutes."

On September 15, 1921, respondent demurred to the information, and on September 26, 1921, the demurrer was sustained and appellant given five days within which to amend. On September 30, 1921, an amended information was filed, setting forth the declaration of trust of the Montana Syndicate. On October 17, 1921, respondent demurred to the amended information, and on October 22, 1921, this demurrer was also sustained.

This appeal is from the two orders of the court sustaining respondent's demurrers to the information and amended information, and appellant assigns as error the action of the court in sustaining said demurrers.

Appellant contends that the information is direct and certain and the act constituting the offense is stated in ordinary

and concise language and in such manner as to enable a person of common understanding to know what is intended; that the information states but a single offense; and that the facts stated in the amended information constitute a public offense in the state of Idaho.

With respect to the first two contentions, which are not controverted in respondent's brief, we are inclined to agree with appellant's counsel. Both the original and the amended information appear to contain every element of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet. (*State v. Mays,* 1 Ida. 763; *State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; C. S., secs. 8834 and 9191.)

The sole question remaining, therefore, is whether the information states a public offense, and the solution of this question depends upon whether or not the Montana Syndicate is an investment company and subject to the provisions of C. S., chap. 206, commonly known as the Blue Sky Law.

C. S., sec. 5317, provides that: "Any person or persons, agent or agents, who shall sell or attempt to sell the stock, bonds or other securities of any investment company, domestic or foreign, . . . . who have not complied with the provisions of this chapter, . . . . or any agent or agents who shall do or attempt to do any business for any investment company, domestic or foreign, in this state, which agent is not at the time duly registered and has fully complied with the provisions of this chapter, shall be deemed guilty of a misdemeanor, . . . . "

C. S., sec. 5311, provides: "Any investment company may appoint one or more agents, but no such agent shall do any business for said investment company in this state until he shall first register with the department of commerce and industry as agent for such investment company, and for each of said registrations there shall be paid to the department of commerce and industry the sum of $1. Such registration shall entitle such agent to represent said investment company as its agent until the 1st day of March following, unless said authority is sooner revoked by the department; and

such authority shall be subject to revocation at any time by the department for cause appearing to it sufficient.''·

C. S., sec. 5305, as amended by Sess. Laws 1921, c. 20, p. 29, provides: ''Every corporation, every copartnership or company, and every association (other than state and national banks, and corporations organized or doing business under any act of Congress which subjects such corporation to the supervisory powers or regulations of a Federal Board or officer of the United States Government, trust companies, real estate mortgage companies dealing exclusively in real estate mortgage notes, and corporations not organized for profit,) organized or which shall be organized in this state, whether incorporated or unincorporated, which shall sell or negotiate for the sale of any stocks, bonds or other securities of any kind or character other than bonds of the United States, the state of Idaho, or of some municipality of the State of Idaho, and notes secured by mortgages on real estate located in the state of Idaho, to any person or persons in the state of Idaho, other than those specifically exempted herein, shall be known for the purpose of this chapter as a domestic investment company. Every such investment company organized in any other state, territory or government, shall be known for the purpose of this chapter as a foreign investment company.''

Counsel for appellant contend that the Montana Syndicate is a copartnership (*Spotswood v. Morris,* 12 Ida. 360, 85 Pac. 1094), or if not a copartnership that it is an association (*People v. Clum,* 213 Mich. 651, 15 A. L. R. 253, 182 N. W. 136), but if it is neither a copartnership nor an association, then it is a corporation in view of the provisions of sec. 16, art. 11 of the constitution of Idaho.

Sec. 16, art. 11 of our constitution provides: ''The term 'corporation,' as used in this article, shall be held and construed to include all associations and joint stock companies having or exercising any of the powers or privileges of corporations not possessed by individuals or partnerships.''

In *Spotswood v. Morris, supra,* this court observed: ''. . . . In said section 16 the term 'corporation' is there

defined only with reference to its use in said section . . . .
The constitutional definition of the term 'corporation' has
been held . . . . as not being a general definition, but only
a definition of that term as it is used in that article of the
constitution.''

It is clear from the very terms of sec. 16, *supra*, that the
word ''corporation'' was intended to be there defined only
as used in art. 11. The section clearly recognizes the ex-
istence of corporations in the usual and ordinary sense, as
well as of associations and joint stock companies, but for the
particular purposes of art. 11, it modifies and enlarges the
scope of the term. It is not authority, however, for the
altogether antithetical proposition that the term ''corpora-
tion,'' when not used ''in this article'' but in a *quasi*-penal
statute enacted long after the adoption of the constitution,
also includes all associations having or exercising any of the
powers or privileges of corporations. See, also, in this con-
nection, *Harris v. United States Mexico Oil Co.*, 110 Kan.
532, 204 Pac. 754.

The meaning of the term ''corporation'' is well settled in
American jurisprudence. ''A corporation is an artificial
being created by law and composed of individuals who sub-
sist as a body politic under a special denomination, with the
capacity of perpetual succession and of acting within the
scope of its charter as a natural person.'' (*Fietsam v. Hay*,
122 Ill. 293.) A corporation cannot be formed by private
agreement between individuals, nor can the state force its
bounty upon private persons by incorporating them without
their consent and against their will. (*Spotswood v. Morris*,
*supra*.)

Forms of organization such as the Montana Syndicate may
be said to be similar in some respects to a corporation. The
unit-holders of such a trust, commonly known as a Massa-
chusetts trust, may also be said to resemble to some extent
the stockholders of a corporation. The trustees of a pure
trust by some authorities are said to be analogous to direc-
tors of a corporation. The distinction between a director
and trustee is an essential distinction founded on the very

nature of things. A trustee is a man who is the owner of
the property and deals with it as principal, as owner and as
master, subject only to an equitable obligation to account to
some persons to whom he stands in the relation of trustee,
who are his *cestuis que trustent.* A director never enters
into a contract for himself, but he enters into contracts for
his principal, i. e., for the company of whom he is a director
and for whom he is acting. He cannot sue on such contracts
nor be sued, unless he exceeds his authority. That seems to
be the broad distinction drawn between trustees and direc-
tors. The liabilities of a trustee and a director are not simi-
lar, neither are the mutual rights and obligations of unit-
holders in a pure trust and stockholders in a corporation in
any sense the same. The stockholders control, through the
board of directors, the business of the corporation. The
unit-holders of a pure trust have no mutual rights and obli-
gations and do not control the action of the trustees.

While there are appearances of similarity between the
forms of an organization such as the Montana Syndicate,
which is a pure trust, and corporations, numerous and im-
portant distinctions exist between such trusts and a corpo-
ration, a few of which we may mention: The former is a
creature of equity, the latter of law. There is no statute,
nor is one needed, by virtue of which a trust may be formed.
A corporation is an artificial being, a trust is no being at
all. A corporation is composed of individuals who subsist
as a body politic under a special denomination. A trust is
an estate, the equitable title to which is held by individuals
who bear no contractual relation between themselves, nor is
it essential that the trust be given a special denomination.
The stockholders and directors generally are not liable for
debts of a corporation, while the equitable owners and trus-
tees of a trust may be liable for obligations incurred in con-
nection with the trust property, unless their liability is
limited by special contract.

Moreover, it does not appear that the Montana Syndicate
in fact exercised any of the powers or privileges of corpora-
tions not possessed by individuals or partnerships. The

Montana Syndicate is but a name, representing no being, real or artificial, and possessing no powers or privileges whatsoever, corporate or otherwise. Its *corpus* is certain property, real and personal, the legal and equitable titles to which are in trustees and unit-holders, respectively, neither of which have or can exercise any power or privilege not possessed by any other individual.

A partnership is an association of two or more persons to carry on as co-owners a business for profit. (C. S., sec. 5818.) It is, in effect, a contract of mutual agency, each partner acting as a principal in his own behalf and as agent for his copartner. (*Karrick v. Hannaman,* 168 U. S. 334, 18 Sup. Ct. 135, 42 L. ed. 484.) Business trusts have been referred to as partnerships where the shareholders retained control over the trustees and have had some authority as to the conduct of the business, but where the beneficiaries retain no control over the trustees, as in this case, and are not in fact associated in the actual carrying on of the business, but are limited in interest to having the trust administered in their interest, it is held that it should be regarded as a strict or pure trust. (*Crocker v. Malley,* 249 U. S. 223, 2 A. L. R. 1601, 39 Sup. Ct. 270, 63. L. ed. 573; *Mayo v. Moritz,* 151 Mass. 481, 24 N. E. 1083; *Williams v. Milton,* 215 Mass. 1, 102 N. E. 355; *Foster v. Boston,* 215 Mass. 31, 102 N. E. 359; *Connally v. Lyons,* 82 Tex. 664, 27 Am. St. 935, 18 S. W. 799; *Smith v. Anderson,* L. R. 15 Ch. Div. 247, 50 L. J. Ch., N. S., 39, 43 L. T., N. S., 329, 29 Week. Rep. 21.)

A business trust in which the shareholders are given substantial control of the management of the trust property is regarded as a partnership, while one in which the shareholders have no such control is regarded as an ordinary trust the same as the usual testamentary trust. (*Re Associated Trust,* 222 Fed. 1012; note, 7 A. L. R. 612 et seq.; *Home Lumber Co. v. Hopkins,* 107 Kan. 153, 10 A. L. R. 879, and note at 887, 190 Pac. 601.)

An association is a body of persons united without a charter but upon the methods and forms used by incorporated

bodies for the prosecution of some enterprise. (Abbott, L. Dict.; Bouvier's L. Dict.) An association differs from a partnership in that it is not bound by the acts of the individual partners, but only by those of its managers; that shares in it are transferable; and that it is not dissolved by the retirement, death, bankruptcy, etc., of its individual members. (Dicey, Parties, 149.)

Trust estates have been known to business and commerce both in this country and England for many years (*Smith v. Anderson, supra; Mayo v. Moritz, supra; Williams v. Milton, supra*), and it is clear that they are neither corporations, partnerships nor associations, in the usual and ordinary acceptation of those terms. The rule is well settled in this jurisdiction that: "In construing statutes, words are to be understood in their general signification." (*People v. Owyhee Min. Co.*, 1 Ida. 409.)

As was held in *Adams v. Lansdon*, 18 Ida. 483, 110 Pac. 280: "Words that are in common use among the people should be given the same meaning in the statute as they have among the great mass of the people who are expected to read, obey, and uphold them."

This rule is especially applicable in connection with statutes of a penal nature. (*State v. Morris*, 28 Ida. 599, 155 Pac. 296, L. R. A. 1916D, 573.)

Furthermore, C. S., sec. 5305, specifically exempts "trust companies" from the operation of the Blue Sky Law. The legislature has not attempted to define the term "trust companies" as used in this section. The term "trust company" may be loosely applied to a Massachusetts trust. In any event, this form of organization is not included in the definition of an investment company, either in specific or general terms.

The majority of the court, however, are not in accord with the views of Justice Lee and the writer of this opinion to the effect that the organization here involved is not an association within the purview of C. S., sec. 5305, as amended (Sess. Laws 1921, chap. 20, p. 29), but are of the opinion that it is an association within the meaning of said section

and that the sale of its units was in violation of what is commonly known as the Blue Sky Law of this state.

The court therefore erred in sustaining the demurrers to the information, and the orders appealed from are reversed. It is so ordered.

Rice, C. J., and McCarthy and Dunn, JJ., concur in the conclusion.

Lee, J., dissents from the conclusion.