## PEOPLE *v.* BUTKEWICZ.

CRIMINAL LAW—EVIDENCE—SEARCH WARRANT ISSUED BY DE FACTO OFFICER VALID.

In a prosecution for the illegal possession of intoxicating liquors, where the evidence was obtained under a search warrant issued by the police judge of the city of Jackson, defendant's contention that the search warrant was void because the section of the charter of said city providing for a police court is unconstitutional, cannot be sustained, since the acting judge, who was duly elected and qualified, was at least a *de facto* judge who had a right, while so acting, to issue the search warrant.

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted April 17, 1923. (Docket No. 117.)    Decided June 4, 1923.

Joe Butkewicz was convicted of the illegal possession of intoxicating liquor.    Affirmed.

*F. L. Blackman,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

MOORE, J. On June 12, 1922, a search warrant was issued by John Simpson, police judge of the city of Jackson, to search the dwelling of defendant at 649 Chester street in the city of Jackson. This warrant was placed in the hands of Constable Frank Creech for service and he, and other officers, went to the place in question. The house was searched by the officers and in a bedroom was found two one-quart jars of moonshine whisky, also a one-pint bottle was found on a table in the dining room. The defendant was convicted of the possession of moonshine whisky.

We quote from the brief of counsel:

"The only question in this case is whether or not there was, at the time of the issuance of the search warrant and the warrant for the arrest of respondent, a legally constituted police court in the city of Jackson.

"Prior to November 3, 1914, the city of Jackson was governed by a charter known as Act No. 399 of the Local Acts of 1905, which said charter provided at length for the office of the justice of peace and the police judge as will be seen by reference to title 7, sections 11 to 29 inclusive. On the aforesaid November 3, 1914, the people adopted a charter which provided for the commission form of government under the home rule act, section 3304 of the Compiled Laws of 1915. The new charter does not provide for the office of justice of peace and police judge except by reference to the old charter, Act No. 399 of the Local Acts of 1905. Section 298 of the new charter contains all the provisions of the charter relative to the establishment of the police court, power, qualifications, etc., of the police judge. It seeks to adopt by reference all of the provisions of Act No. 399 of the Local Acts of 1905 relative to such court and judge.

"It is the claim of respondent that this section of

the charter is void and unconstitutional in that it violates the provisions of section 21, article 5, of the Constitution of the State of Michigan.

"This section provides in part that no law shall be revised, altered or amended by reference to its title only but the act revised and the section or sections of the act altered or amended shall be re-enacted and published at length.    *    *    *

"It would seem that the legislature cannot confer or delegate any greater power than it had, and that it could not confer or delegate a certain power and thus set aside limitations placed on it by the Constitution."

The record shows that there has been a police court in the city of Jackson for many years, and that there was a police judge, duly elected and qualified, and acting under the charter of said city at the time of the issuing of the affidavit for search warrant, the complaint and warrant of arrest.    To say the least, the city of Jackson had a *de facto* police judge, who had a right,    while so acting, to issue the search warrant.    See *Gildemeister* v. *Lindsay*, 212 Mich. 299; *People* v. *Clum*, 213 Mich. 651 (15 A. L. R. 253) ; *People* v. *Ochenfels*, 216 Mich. 625.

The conviction is affirmed, and the case remanded for further proceedings.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.