**TAYLOR et al. v. DUNBAR, Washington Atty. Gen., et al.**

(District Court, W. D. Washington, N. D. May 19, 1924.)

No. 383.

1. **Constitutional law ⬤═➣42—Only those affected by a statute may attack its validity.**

   Only those affected by a legislative enactment may by an attack on it require a court to consider and determine whether or not it is valid.

2. **Constitutional law ⬤═➣46(2)—Courts will not determine effect or validity of laws not mentioned in complainant's pleading.**

   A court has no warrant to search for and determine the validity of laws not mentioned in complainant's bill.

In Equity. Suit by Alonzo S. Taylor and Mart B. Crane against John H. Dunbar, Attorney General of the State of Washington, and Malcolm Douglas, as prosecuting attorney of King county, Wash. On motion to dismiss bill. Granted.

Pierce Lonergan, of Seattle, Wash., for plaintiffs.

John H. Dunbar, Atty. Gen., and R. G. Sharpe, Asst. Atty. Gen., for defendant Dunbar.

Malcolm Douglas and Arthur Schramm, Jr., both of Seattle, Wash., for defendant Douglas.

CUSHMAN, District Judge. Plaintiffs sue the Attorney General of the state of Washington, and the prosecuting attorney of King county, Wash., praying that defendants be enjoined from proceeding against plaintiffs under certain statutes of the state. Defendants move to dismiss.

Among other authorities cited are the following: Dillingham v. McLaughlin, 44 Sup. Ct. 362, 68 L. Ed. ——, decided April 7, 1924; Caldwell, etc., v. Sioux Falls Stock Yards Co., 242 U. S. 559, 37 Sup. Ct. 224, 61 L. Ed. 493; Hall, Supt. of Banks, etc., v. Geiger-Jones Co., 242 U. S. 539, 37 Sup. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643; Merrick et al. v. Halsey & Co. et al., 242 U. S. 568, 37 Sup. Ct. 227, 61 L. Ed. 498; Noble State Bank v. Haskell, 219 U. S. 104, 31 Sup. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487; Shallenberger v. First State Bank of Holstein, Neb., 219 U. S. 114, 31 Sup. Ct. 189, 55 L. Ed. 117; State of Washington ex rel. Range v. Hinkle (Wash.) 219 Pac. 41; Spotswood v. Morris, 12 Idaho, 360, 85 Pac. 1094, 6 L. R. A. (N. S.) 665;

---

⬤═➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

State v. Cosgrove, 36 Idaho, 278, 210 Pac. 393; Wagner v. Kelso, 195 Iowa, 959, 193 N. W. 1; Ex parte Girard, 186 Cal. 718, 200 Pac. 593; Commonwealth v. Vrooman, 164 Pa. 306, 30 Atl. 217, 25 L. R. A. 250, 44 Am. St. Rep. 603; Weed v. Bergh, 141 Wis. 569, 124 N. W. 664, 25 L. R. A. (N. S.) 1217.

The complaint avers that plaintiffs have prepared for execution by them a certain form of contract, a copy of which is attached to the complaint. By this it is declared that a trust and not a partnership is created; that the plaintiff Taylor is to hold in trust title to certain real estate for the benefit of the plaintiff Crane, the trust to continue for 20 years, at the expiration of which time the trustee is to sell and dispose of the trust property, and to pay the beneficiary or beneficiaries then entitled thereto the funds of the trust fund, and of the sale, after deducting and paying all obligations, liabilities, or expenses of the trust and incident to the termination thereof; that the trustee is to have all the authority of an owner over the property, and over any funds or other property realized therefrom; that any vacancy occurring in the trusteeship is to be filled by the retiring trustee or a court of equity; that the death of the beneficiary is not to terminate the trust, no assessments are to be made upon the cestui que trust, the trustee is to declare dividends in his discretion, and no specific provision is made for the trustee's compensation.

The complaint alleges that defendants maintain that the declaration of trust falls within the meaning of article 12, § 5, of the Constitution of the state of Washington, and that, if plaintiffs execute the contract and its terms are carried out, defendants threaten to prosecute them, under chapter 80 of the Session Laws of Washington of 1917 and chapter 115 of the Session Laws of 1923, for failing to incorporate as a business corporation and secure from the secretary of state a permit to deal in securities. The bill invokes the Fourteenth Amendment, but does not allege the invalidity, under the amendment, of any particular section or part of the foregoing laws.

Chapter 80 and chapter 115 of the Session Laws mentioned are statutes for the regulation of banks and trust companies. The following are sections from the former act:

"Sec. 15. No person shall engage in banking except in compliance with and subject to the provisions of this act, except it be a national bank or except in so far as it may be authorized so to do by the laws of this state relating to mutual savings banks, nor shall any corporation engage in a trust business except in compliance with and subject to the provisions of this act, nor shall any bank engage in a trust business, except as herein authorized, nor shall any bank or trust company establish any branch: Provided, however, that any bank or trust company may participate in membership in the Federal Reserve banking system of the United States and may to that end comply with any requirements or laws of the United States or any rules or regulations duly promulgated pursuant thereto, anything elsewhere in this act to the contrary notwithstanding. * * *"

"Sec. 24. Upon the issuance of a certificate of authority to a trust company, the persons named in the articles of incorporation and their successors shall thereupon become a corporation and shall have power: * * * Par. 10. "To execute any trust or power of whatever nature or description that may be conferred upon or entrusted or committed to it by any person or by any court or municipality, foreign or domestic corporation and any other

trust or power conferred upon or entrusted or committed to it by grant, assignment, transfer, devise, bequest or by any authority and to receive, take, use, manage, hold and dispose of, according to the terms of such trusts or powers any property or estate, real or personal, which may be the subject of any such trust or power. * * * "

"Sec. 80. Every person who shall violate, or knowingly aid or abet the violation of any provision of this act for which no penalty has been prescribed, and every person who fails to perform any act which it is made his duty to perform herein and for which failure no penalty has been prescribed, shall be guilty of a misdemeanor."

### Section 5, article 12, of the state Constitution, provides:

" * * * The term 'corporations,' as used in this article, shall be construed· to include all associations and joint-stock companies having any powers or privileges of corporations not possessed by individuals or partnerships, and all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons."

### Section 29, article 1, of the state Constitution, provides:

"*Constitution Mandatory.*—The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise."

### Section 2641, Remington's Comp. Stat., provides:

"Every corporation, whether domestic or foreign, and every person representing or pretending to represent such corporation as an officer, agent or employee thereof, who shall transact, solicit or advertise for any business in this state, before such corporation shall have obtained from the officer lawfully authorized to issue the same, a certificate that such corporation is authorized to transact business in this state, shall be guilty of a gross misdemeanor."

### Section 2266, Remington's Comp. Stat., provides:

"Every person convicted of a misdemeanor for which no punishment is prescribed by any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than ninety days, or by a fine of not more than two hundred and fifty dollars."

### Section 2267, Remington's Comp. Stat., provides:

"Every person convicted of a gross misdemeanor for which no punishment is prescribed in any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both."

[1] Section 15, supra, prohibits corporations doing a trust business, except upon compliance with the terms of the act. If a trust business is contemplated by the trust agreement between the plaintiffs, it is the plaintiff Taylor who is to "engage" in it; he is by its terms the trustee who will manage the trust estate, unhampered in any way by the plaintiff Crane. Section 15, therefore, has no application, as plaintiff Taylor is neither a company nor corporation. The laws attacked, not touching or affecting or purporting to include persons situated as are the plaintiffs, the court will not enter upon a consideration of the question of the validity of such laws. Only those affected by a legislative enactment can, by an attack upon it, require the court to consider and determine whether or not it is valid. This is a principle of law so well settled that citation of authority is unnecessary.

While defendants' motion to dismiss confesses the allegations of the bill, it nevertheless appears that defendants intend to prosecute

plaintiffs under section 2641, above set out, upon the theory that, if they execute the proposed agreement and carry out its terms, under section 5, article 12, of the state Constitution, supra, plaintiffs will be transacting business as a corporation in violation of section 2641, Remington's Compiled Statutes, supra.

[2] If by section 5, art. 12, of the state Constitution, it was intended to include such an arrangement as that contemplated by plaintiffs, the court will not consider the question of whether such a construction would so far deprive plaintiff Taylor of his liberty to contract and plaintiff Crane of his liberty to contract, and his property, as to be forbidden by the Fourteenth Amendment; for the court has no warrant to search for and determine the validity of laws not mentioned in the bill of complaint. Reaching this conclusion, it is not necessary to determine the effect of the fact that plaintiffs have not contracted, but merely desire so to do.

The motion to dismiss is granted.