## PEOPLE *v.* VANDERJAGT.

1. Indictment and Information—Amendment of Date.

   It is competent to amend the date in an information where time is not of the essence of the offense.[1]

2. Same—Amendment by Alleging Date Under Videlicet.

   The date of illegally transporting and selling a certain quantity of intoxicating liquors, not being of the essence of the offense, the information might be amended by alleging the date under a videlicet.[2]

3. Criminal Law — Amendment of Information in Supreme Court—Appeal and Error.

   Where an amendment to the date in an information was permissible but not made in the trial court, the Supreme Court, in the furtherance of justice, will treat it as made or allow it to be made in this court.[3]

4. Same—Variance—Date of Offense.

   Defendant's claim that there was no testimony justifying the jury in finding that the offense was committed on any other date than the one alleged, *held,* answered by the testimony of a witness.[4]

5. Same—Instructions—Appeal and Error.

   Although, in the charge to the jury, reference to the fact that defendant stood mute and a plea of not guilty was entered by order of the court was unnecessary and might well have been omitted, it was not reversible error, where followed by the further charge that defendant had a right to do so, and that, whether he entered the plea himself or it was entered by order of the court, the burden was on the people to establish the essential facts necessary to make out a case beyond a reasonable doubt.[5]

Error to Wexford; Lamb (Fred S.), J.    Submitted

[1]Indictments and Information, 31 C. J. § 434; [2]Id., 31 C. J. § 434; Intoxicating Liquors, 33 C. J. § 452; [3]Criminal Law, 17 C. J. § 3561 (Anno); [4]Indictments and Information, 31 C. J. § 454; Intoxicating Liquors, 33 C. J. § 524; [5]Criminal Law, 17 C. J. § 3703.

On power of court to amend indictment as to time of offense, when time is not of the essence of the crime, see note in 7 A. L. R. 1531.

June 17, 1926.     (Docket No. 119.)     Decided July 22, 1926.

Cornelius Vanderjagt was convicted of violating the liquor law, and sentenced to imprisonment for not less than eight months nor more than one year in the Michigan reformatory at Ionia.     Affirmed.

*E. J. Millington* and *A. W. Penny,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred C. Wetmore,* Prosecuting Attorney, for the people.

FELLOWS, J.     Defendant was convicted of transporting and selling to one Marshall ten gallons of alcohol.     In the complaint and warrant the date (November 23, 1925) was laid with a videlicet, in the information it was not.     Both Mr. and Mrs. Marshall were called as witnesses.     Mrs. Marshall was quite positive the alcohol was delivered on the 23d, which was on Monday before Thanksgiving, and Mr. Marshall testified that "those packages were left at my house some time in the first of the week before Thanksgiving day."     The trial judge charged that defendant could be convicted if the jury found beyond a reasonable doubt that the liquor was actually transported and delivered to Marshall, and that it was unimportant whether it occurred on the 23d or the 24th. And it is here insisted that the failure to allege in the information the date under a videlicet prevented a conviction for an offense committed on any date other than the specific one alleged.

This court has frequently held that it was competent to amend the date in an information where, as in this case, time was not of the essence of the offense. *Keator* v. *People,* 32 Mich. 484; *People* v. *Hamilton,* 76 Mich. 212; *People* v. *Hoffmann,* 142 Mich. 531; *People* v. *Nichols,* 159 Mich. 355; *People* v. *Sharac,* 209 Mich. 249; *People* v. *Clum,* 213 Mich. 651 (15 A. L. R. 253). In the *Keator Case* the charge was perjury; there was

a variance of a day in the date alleged and the one proven; it was held not to be fatal. In the *Hoffmann Case* the charge was obtaining money by means of false pretenses; the date was alleged without a videlicet; the proof showed the money was obtained a day later; the information was amended and this court held the amendment was properly allowed. In the *Clum Case* the charge was violating the "blue sky law;" the date was laid without a videlicet; it was held that an amendment adding "and divers other days and dates" was properly allowed. Where it was permissible to allow the amendment, this court in the furtherance of justice will treat it as made or allow it here. The claim of defendant that there was no testimony justifying the jury in finding any other date than the 23d is answered by the quoted excerpt from Mr. Marshall's testimony.

When defendant was arraigned he stood mute and a plea of not guilty was entered by order of the court. This fact was adverted to in stating the proceedings in the charge of the court and the jury was told defendant had a right so to do, and that, whether he entered the plea himself or it was entered by order of the court, the burden was placed on the people to establish the essential facts necessary to make out a case. The trial judge also charged that the people must make out a case beyond a reasonable doubt. We do not perceive that this constituted reversible error. The reference to the entry of the plea by order of the court was unnecessary and might well have been omitted, but we do not see how defendant was prejudiced by it in view of what was said in the same connection. The other criticisms of the charge are without merit.

The conviction will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.