## Credit Unions

KEITEL, Assistant Deputy Attorney General, April 2, 1934.—We have your request to be advised whether section 22 of the Act of May 26, 1933, P. L. 1076, is applicable to a so-called business trust, to a domestic corporation, and to a duly registered foreign corporation, all of which are engaged in the business of making loans to their members.

This act is generally referred to as the Credit Union Act. Section 1 defines "credit union" as used in the act as "a coöperative society, in the nature of a corporate entity, incorporated for the two-fold purpose of promoting thrift among its members and creating a source of credit for them, at legitimate rates of interest, for provident purposes."

The act further provides for the incorporation, powers, membership, meetings, elections, loans, reserves, dividends, dissolution, and other matters pertaining to the conduct of the business of a credit union. Section 5 provides that credit unions shall be under the supervision of the Department of Banking.

Section 3 of the act gives a credit union the power to receive the savings of its members as payment on shares.

Section 15 permits a credit union to make loans "to its members only." Section 13 prohibits interest rates in excess of 6 percent per annum.

Section 26 provides that nothing contained in the Credit Union Act shall apply to small loans companies organized under the Act of June 17, 1915, P. L. 1012, and its amendments.

You inform us concerning the so-called business trust that it is an unincorporated association, operating under a common-law deed of trust duly recorded in the office of the recorder of deeds, and registered under the Fictitious Names Act; that it is engaged in the business of making loans to its members only, at an interest charge not in excess of 6 percent per annum, and that the requisite for membership in the association is the purchase of one or more so-called shares. The domestic corporation and the foreign corporation to which you

refer are operating in the same manner as the business trust. The domestic corporation was not incorporated in accordance with the provisions of the Credit Union Act.

These organizations are clearly formed to obtain a source of credit for their members at a low rate of interest. Their general purposes and methods of doing business with their members are practically the same as those of credit unions, as set forth in the Credit Union Act. In our opinion, these organizations are operating in the manner of a credit union.

Section 22 of the Credit Union Act provides as follows:

"Section 22. Restriction.—It shall be unlawful hereafter for *any person, association, copartnership, or corporation, except corporations organized in accordance with the provisions of this act,* to assume and use the words 'credit union' in their name or title, *or to operate in the manner of a credit union.* Any person, copartnership, or corporation violating the provisions of this section shall be guilty of a misdemeanor and shall be punishable by a fine which shall not be less than ten dollars ($10) nor more than one thousand dollars ($1,000), or by imprisonment for a period which shall not be less than three months nor more than two years, or both, in the discretion of the court. The officers of a corporation shall be liable to such punishment if the offense is committed by a corporation." (Italics ours.)

This section clearly forbids "any person, association, copartnership, or corporation," except corporations organized under the Credit Union Act, from operating "in the manner of a credit union." In our opinion, this language is sufficiently broad to include the business trust, the domestic corporation, and the foreign corporation hereinbefore described.

The business of credit unions is similar to the banking business in many respects. Credit unions receive savings of their members as payment on shares, make loans, and also invest money in mortgages, real estate, and certain stocks. Apparently for this reason, credit unions are placed under the supervision of the Department of Banking. The organizations other than small loans companies which have heretofore operated in the manner of a credit union within this Commonwealth have not been subject to any supervision whatsoever. No reason appears for exempting those organizations from the scope of section 22.

The language of section 22 expressly includes individuals and various types of associations of individuals, such as copartnerships and corporations. The apparent purpose of this section is to restrict everyone "except corporations organized in accordance with the provisions of this act" from engaging in the business of a credit union. For this reason, the additional word "association" seems to refer generally to all associations of individuals other than copartnerships or corporations; it clearly includes a business trust. Judicial decisions support this conclusion.

In King v. Commonwealth, 197 Ky. 128, 246 S. W. 162 (1922), it was held that a business trust was an investment company within the scope of a "blue sky law", which defined as an investment company "Every person, corporation, copartnership, company or association . . . whether incorporated or unincorporated, . . ." The court said, at page 133:

". . . the very language employed in forming this section of the act, fairly construed, includes a common law trust, and . . . the general legislative purpose may be considered in construing the meaning of the language employed."

Similar provisions in other "blue sky laws" have also been construed to include business trusts in Reilly et al., Trustees, v. Clyne, 27 Ariz. 432, 234 Pac. 35 (1925), and State v. Cosgrove, 36 Idaho 278, 210 Pac. 393 (1922).

In Hecht et al., Trustees, v. Malley, 265 U. S. 144 (1924), the Supreme Court

of the United States decided that a business trust was taxable under the Federal Revenue Act of 1918, which imposed an excise tax upon corporations, defined to include "associations" "created or organized in the United States." The court said, at page 157:

"The word 'association' appears to be used in the Act in its ordinary meaning. It has been defined as a term 'used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.'

.     .     .     .     .     .     .     .     .

"We think that the word 'association' as used in the Act, clearly includes 'Massachusetts Trusts' such as those herein involved, having quasi-corporate organizations under which they are engaged in carrying on business enterprises. What other form of 'association', if any, it includes, we need not, and do not, determine."

It cannot be questioned that the word "corporation", as used in section 22 of the Credit Union Act, includes domestic and foreign corporations. The Commonwealth has the right to place restrictions upon the formation of domestic corporations incorporated for the purpose of engaging in the banking business, and to prohibit foreign corporations from engaging in the banking business. The Commonwealth has a similar right to restrict the analogous business of credit unions.

Therefore, we are of the opinion that section 22 of the Act of May 26, 1933, P. L. 1076, restricts the conduct of the business of a credit union, as defined and set forth by this act, to those corporations organized in accordance with the provisions of this act.

You are accordingly advised that a business trust, domestic corporation, or foreign corporation, operating on a plan such as you have described, is operating in the manner of a credit union contrary to the provisions of section 22 of the Act of May 26, 1933, P. L. 1076.     From C. P. Addams, Harrisburg, Pa.