# SHALLENBERGER, GOVERNOR OF THE STATE OF NEBRASKA, *v.* FIRST STATE BANK OF HOLSTEIN, NEBRASKA.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 445. Argued December 8, 1910.—Decided January 3, 1911. `

Following, and on the authority of, *Noble State Bank* v. *Haskell, ante,* p. 104, sustaining the Bank Depositors' Guaranty Fund Acts of Oklahoma, held that a similar act of Nebraska, providing for a guaranty fund and prohibiting banking except by corporations formed under the act, is not unconstitutional.

172 Fed. Rep. 999, reversed.

THE facts, which involve the constitutionality of the banking act of Nebraska, creating a depositors' guaranty fund, are stated in the opinion.

*Mr. Arthur F. Mullen,* Attorney General of the State of Nebraska, *Mr. Charles O. Whedon* and *Mr. I. L. Albert,* with whom *Mr. Grant G. Martin* was on the brief, for appellants: [1]

Banking is a proper subject of legislative control. *State ex rel. Woodmansee,* 1 N. Dak. 245; Morse on Banking, 1; *People* v. *Barton,* 6 Cow. 290; *People* v. *Insurance Co.,* 15 Johns. 358; *People* v. *Brewster,* 4 Wend. 498; *Nance* v. *Hemphill,* 1 Alabama, 551; *Austin* v. *State,* 10 Missouri, 591.

It is not incompetent for the legislature to restrict the right to engage in banking to such as are authorized by a

[1] See also arguments in support of, and against, the constitutionality of the Depositors' Guaranty Fund Acts of Oklahoma in *Noble State Bank* v. *Haskell, ante,* p. 105, and of Kansas in *Assaria State Bank* v. *Dolley, post,* p. 121.

charter granted by the State; to make it, instead of a common right, a right lawfully exercisable only under a franchise granted by the State. *Mercantile National Bank v. New York,* 121 U. S. 138, 156; *Bank of Augusta v. Earle,* 13 Pet. 519, 595; *Exchange Bank v. Hines,* 3 Ohio St. 1, 31; and see Banking, in Ency. Britannica, New Am. Supp., 315, 327; in *People v. Utica Ins. Co.,* 15 Johns. 358; Zane on Banks and Banking, 7, 15; §§ 5–7, ch. 8, Comp. Stat. Nebraska, 1895; § 16, art. 1, Const. Nebraska; § 1, art. XI*b*, Const. Nebraska.

The act is not an abuse of the power of the State to regulate and control the business of banking. Every possible presumption is in favor of the validity of a statute, and this continues until the contrary is shown beyond a rational doubt. *Sinking Fund Cases,* 99 U. S. 718; *Powell v. Pennsylvania,* 127 U. S. 678.

While legislation having for its object the regulation of a lawful business must be reasonable, and not unnecessarily oppressive, *Lawton v. Steele,* 152 U. S. 133, 137, a large discretion is vested in the legislature to determine its reasonableness and adaptation to the end sought. *Gundling v. Chicago,* 177 U. S. 183; *Barbier v. Connolly,* 113 U. S. 27; *Kidd v. Pearson,* 128 U. S. 1; *State v. Crittenden,* 107 N. W. Rep. 500; *Marbury v. Madison,* 1 Cranch, 137; *State v. Namias,* 49 La. Ann. 618; *State v. Vanderslius,* 42 Minnesota, 129; *Logan v. Postal Tel. Cable Co.,* 157 Fed. Rep. 570; *Otis v. Parker,* 187 U. S. 606.

For the extent to which private rights may be invaded, where the public good demands, see *Offield v. N. Y., N. H. & H. R. R. Co.,* 203 U. S. 375; *Railway Co. v. Humes,* 115 U. S. 514; *Davidson v. New Orleans,* 96 U. S. 97; *Powell v. Pennsylvania,* 127 U. S. 678, 686; *C., B. & Q. Ry. Co. v. Drainage Commissioners,* 200 U. S. 561. Banking is a business *sui generis.* It is the only business that thrives on its liabilities, payable on demand, and whose solvency at all times depends upon the chance that comparatively few of

such liabilities will be presented for payment on any one day.·

A banking regulation, therefore, that should not have among its objects the prevention of the involuntary closing of a bank would be obviously defective.

The provision restricting banking corporations and those providing for the guaranty of deposits are not so manifestly and unnecessarily arbitrary, unjust or oppressive that reasonable minds cannot differ with respect to them and therefore the act is constitutional. *Weed* v. *Berge*, 124 N. Y. 664; *Meyers* v. *Irwin*, 2 S. & R. 367, 372; *Commonwealth* v. *Vrooman*, 30 Atl. Rep. 217; *Brady* v. *Mattern*, 125 Iowa, 158. *State* v. *Scougal*, 3 S. Dak. 55, *contra*, is not a controlling authority.

The guaranty feature of the act is not a tax levied against banks, for the benefit of private individuals. The act has for its object, not revenue, but regulation. The guaranty feature is subsidiary to the real purpose of the act to protect the public against the disastrous consequences of bank failures. *Coster* v. *Tidewater Co.*, 18 N. J. Eq. 518, 523; *Jacobson* v. *Massachusetts*, 197 U. S. 26; *Adams Express Co.* v. *State*, 160 Indiana, 346.

The fact that the law operates to the direct advantage of depositors, does not invalidate it. *Cooley* v. *Board of Wardens*, 12 How. 298; *Town of Wilton* v. *Town of Weston*, 48 Connecticut, 325. The effect of the act in these cases was to apparently take the property of one man for the benefit of another. The court sustained the laws. See also *Tenney* v. *Lentz*, 16 Wisconsin, 566; *Van Horne* v. *People*, 46 Michigan, 183; *Holst* v. *Row*, 39 Ohio St. 340; *Charlotte &c. Ry. Co.* v. *Gibbes*, 141 U. S. 386; *New York* v. *Squire*, 145 U. S. 175; *Morgan* v. *Louisiana*, 128 U. S. 98; *Mobile* v. *Kimball*, 102 U. S. 691; *Firemen's Benevolent Assn.* v. *Louisbury*, 21 Illinois, 511; *Fire Department &c.* v. *Helfenstein*, 16 Wisconsin, 142; *Trustees &c.* v. *Roome*, 93 N. Y. 313; *Phœnix Ins. Co.* v. *Fire Department &c.*, 42

L. R. A. 468; *San Francisco* v. *Liverpool &c. Ins. Co.*, 74 California, 133.

In 1829, the legislature of New York enacted a guaranty law relating to circulation. See *Matter of Lee Bank*, 21 N. Y. 9; *Cases of Reciprocity Bank*, 22 N. Y. 9; *People* v. *Walker*, 72 N. Y. 502; and as to like law of Vermont in 1831, see *Elwood* v. *State*, 23 Vermont, 701; *Receiver* v. *State*, 39 Vermont, 92.

*Mr. John Lee Webster*, with whom *Mr. William V. Allen* was on the brief, for appellees:

The guaranty deposit law is unconstitutional and void. It deprives copartnerships, firms and individuals of their natural, inherent and vested right to continue their existing, established and chartered banking business, and subjects them to penalties. Their property may be seized and their business closed out by a receivership if they attempt to continue the banking business. *Bank of California* v. *San Francisco*, 142 California, 276; *Bank of Augusta* v. *Earle*, 13 Pet. 519; *State* v. *Scougal*, 3 S. Dak. 55; *Ex parte Pittman*, 31 Nevada, 56; *Marymont* v. *Nevada State Banking Board*, 111 Pac. Rep. 295; *International Trust Co.* v. *American L. & T. Co.*, 65 N. W. Rep. 78.

The statute does more than simply prohibit private banking, it winds up the affairs of existing private banks. If they continue business through the agency of a corporation it is conditioned that they shall agree that a part of their property shall be taken to pay the private debts of other banks.

The State does not possess the right to compel a citizen to accept of a corporate charter, nor can it compel him to become a member of a corporation. *Slaughter House Cases*, 16 Wall. 97; *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746; *Allgeyer* v. *Louisiana*, 165 U. S. 578. As to the scope and meaning of "Liberty and the Pursuit of Happiness," and "Privileges and Immunities," see

*State* v. *Scougal*, 3 S. Dak. 55; *Matter of Jacobs*, 98 N. Y. 98; *Gillespie* v. *The People*, 188 Illinois, 183; *Braceville* v. *Marx*, 99 N. Y. 377; *Wyeth* v. *Cambridge Board of Health*, 200 Massachusetts, 474.

A statute is unconstitutional which limits the right of a citizen to become a member of a copartnership. *Schnaier* v. *Navarre Hotel Co.*, 182 N. Y. 83; and see *People* v. *Ringe*, 197 N. Y. 143. The State cannot compel private bankers to incorporate. The formation of corporations must be the voluntary act of the parties. Cook on Corps., 4th ed., § 2a; 1 Thompson on Corp., § 52; *Dartmouth College* v. *Woodward*, 4 Wheat. 518.

The guaranty feature of the law is an arbitrary and capricious exercise of power. It takes the assets of solvent banks without compensation and appropriates the same to the payment of the private debts of insolvent banks in violation of § 10 of Art. I, and § 1 of Art. XIV of the Constitution of the United States and in violation of §§ 3 and 16 of Art. I of the constitution of Nebraska.

The taking of the assets of one bank to pay the claims of depositors of another bank is taking property for a private use without due process of law, and without compensation. *Loan Association* v. *Topeka*, 20 Wall. 655; *Cole* v. *LaGrange*, 113 U. S. 1; *Parkersburg* v. *Brown*, 106 U. S. 487; *State* v. *Osawkee*, 14 Kansas, 418; *Lowell* v. *Boston*, 111 Massachusetts, 454; *Baltimore & Eastern Shore R. R. Co.* v. *Spring*, 89 Maryland, 510; *Missouri Pacific Ry. Co.* v. *Nebraska*, 164 U. S. 403; *Davidson* v. *New Orleans*, 96 U. S. 97, 102; *Dodge* v. *Mission Township*, 107 Fed. Rep. 827; *Lucas Co.* v. *State*, 75 Ohio St. 114; *State* v. *Froelich*, 118 Wisconsin, 129; *Deering* v. *Peterson*, 75 Minnesota, 118. The guaranty fund provision of the act is a phase of paternalism that is obnoxious to our system of government.

The suggestion in appellants' brief that the taking of the money from one bank to pay the debts of another

bank to its depositors is not the taking of money for a private use, is untenable. The relation between the bank and the depositor is that of debtor and creditor. *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *Bank of the United States* v. *Planters' Bank,* 9 Wheat. 904, 907; *Briscoe* v. *Bank of Kentucky,* 11 Pet. 257, 324; *Bolton* v. *White,* 2 Cr. C. C. 426; *Rundle* v. *Del. & R. Canal,* 1 Wall. 275; *State Bank* v. *Knoop,* 16 How. 369.

Taking the money from the banks by the process of the Guaranty Fund to pay the depositors of another bank is an appropriation of the money to a private use and not for a public use. *Loan Assn.* v. *Topeka,* 20 Wall. 655; *Reagan* v. *Farmers' L. & T. Co.,* 154 U. S. 362, 399; *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, 87.

The guaranty provision of the new banking act is not within the scope of the police powers of the State. The police power has its limitations. The police power cannot justify the invasion of any property or contract right of the citizen granted to him under the Constitution. *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Dobbins* v. *Los Angeles,* 195 U. S. 223, 237; *Gulf, Colo. & S. F. Ry. Co.* v. *Ellis,* 165 U. S. 150; *Minnesota* v. *Barber,* 136 U. S. 313; *Lake Shore Ry. Co.* v. *Smith,* 173 U. S. 684; *Colon* v. *Lisk,* 153 N. Y. 188.

The police power is the law of necessity, which means more than expediency, and no necessity exists for the Nebraska Bank Guaranty Law. The exercise of the police power must stop short of infringing constitutional rights. Cases cited *supra,* and *Central of Georgia Ry. Co.* v. *Murphey,* 196 U. S. 194, 206; *Richey* v. *People,* 155 Illinois, 98, 110; *People* v. *Gillson,* 109 N. Y. 389, 398; *Fisher* v. *Wood,* 187 N. Y. 90, 94; *State* v. *Goodwill,* 33 W. Va. 179.

Whether a statute is within or without a proper exercise of the police power is a question always subject to final determination by the courts. Cases *supra* and *Jew Ho* v. *Williamson,* 103 Fed. Rep. 10, 17; *Ex parte Whit-*

*well,* 98 California, 73; *Hume* v. *Laurel Hill Cemetery,* 142 Fed. Rep. 552; *Rushtrat* v. *People,* 185 Illinois, 133; *Chy Lung* v. *Freeman,* 92 U. S. 275; *Railroad Co.* v. *Husen,* 95 U. S. 465; *Bryan* v. *City of Chester,* 212 Pa. St. 259; *Passaic* v. *Patterson Co.,* 72 N. J. Law, 285; *People* v. *Murphy,* 195 N. Y. 126; *State* v. *Redmond,* 134 Wisconsin, 89, 110; *City of Belleville* v. *Turnpike Co.,* 234 Illinois, 428, 437; *Sayre Borough* v. *Phillips,* 148 Pa. St. 482.

The principle which underlies the bank guaranty deposit laws, when carried to its ultimate legitimate result, means unrestrained socialism in state government.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit by many banks to prevent the Banking Board of Nebraska from carrying out and enforcing an act similar to the Oklahoma statute just passed upon. It forbids banking except by a corporation formed under the act and provides for a guaranty fund. The Circuit Court held the statute unconstitutional and issued an injunction against the enforcement of it. 172 Fed. Rep. 999. For the reasons given in the foregoing case the decree of the Circuit Court must be reversed.

*Decree reversed.*