## LONGWELL TRANSFER v. ELLIOTT.*
### (No. 1684.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 26, 1924. Rehearing Denied
Dec. 31, 1924.)

**1. Warehousemen ☞24(7) — Limitation on amount of liability invalid.**

Provision in contract of warehouseman limiting its liability to $50 for any piece or package is invalid, under Complete Tex. St. 1920, art. 7824 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7824), prohibiting any limiting of its liabilities or responsibilities as imposed by the laws of the state, as under the law, independent of statute, it is the duty of a public warehouseman to use ordinary care to protect property stored with it, and it is responsible for full damages from failure to do so.

**2. Warehousemen ☞3—All public and governed by statutory provisions.**

Under Complete Tex. St. 1920, art. 7819 (Vernon's Ann. Civ. St. Supp. 1922, art. 7819) distinction between public and private warehousemen receiving any description of personal property in store for hire is in effect abolished, and all are deemed public warehousemen, governed by the statutory provisions, though failing to comply with some of them, as article 7821 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7821), as to form and receipts.

**3. Constitutional law ☞276—Warehousemen ☞2—Prohibition against limiting warehouseman's liabilities not unwarranted interference with right to contract.**

Complete Tex. St. 1920, art. 7824 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7824), prohibiting public warehouseman from limiting by his receipt his liabilities or responsibilities as imposed by the laws of the state, is not an unwarranted interference with the right to contract and so in conflict with Const. U. S. Amend. 14.

**4. Warehousemen ☞34(8) — Condition of goods stored when returned, and not when first wet, held proper basis for damages.**

Where all the damage to goods stored in warehouse did not occur when they were first wet, but warehouseman permitted them to remain wet for some time, causing them to gradually and progressively deteriorate, their condition when redelivered, rather than just after being wet, was the proper basis for damages.

**5. Trial ☞273—Objection to charge not presented before submission to jury waived.**

Objection to charge, not being presented to trial court prior to its submission to jury, was, under Complete Tex. St. 1920, art. 1971 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971) waived.

**6. Appeal and error ☞882(13)—Objection to charge precluded by procuring submission of similar charge.**

Party is precluded, on principle of invited error, from making objection to court's charge because fixing value at a certain date, when he procured submission of special charge doing the same thing.

**7. Trial ☞244(4)—Refusal of instruction, in view of another given, held proper on the ground that it would have given undue prominence to defense.**

A requested charge of defendant, submitting its defense that the injury was caused by act of God, having been given, refusal of another charge requested by it, defining act of God, and instructing that a warehouseman was not liable for goods destroyed by such an act without contributory negligence on his part, held proper, on the ground that giving of it would have given undue prominence to such defense.

**8. Trial ☞260(7)—Instruction as to act of God unnecessary, in view of instructions limiting recovery to injury by defendant's negligence.**

It was unnecessary to give instructions on act of God; charge and special instructions given making it perfectly plain that there could be no recovery except for injury occasioned by defendant's negligence.

**9. Trial ☞260(1)—Where instructions fully covered all defenses, no error in refusal of others requested by defendant.**

The general charge, supplemented by instructions given at defendant's request, fully and completely presenting its defenses, was all it was entitled to, and refusal of others requested was not error.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by G. W. Elliott against the Longwell Transfer. Judgment for plaintiff, and defendant appeals. Affirmed.

J. U. Sweeney and E. C. Wade, Jr., both of El Paso, for appellant.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellee.

HIGGINS, J. In May, 1920, appellee delivered to the appellant for storage certain household goods packed in boxes. While in the possession of appellant some of the goods were lost. In December, 1922, the balance were returned to appellee in a damaged condition. Thereafter the appellee brought this suit, alleging that the appellant was a corporation and public warehouseman and bailee of goods for hire, holding itself out to the public as such; the delivery of the goods to the defendant, payment of storage charges, and that through the negligence of the defendant certain of the goods were lost and the balance damaged by water; and sought to recover damages for such loss and injury.

Among other defenses the defendant set up the written receipt which it gave for the goods, and that in consideration of the reduced rate of storage its liability was therein limited to $50 for each package.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused February 25, 1925.

The material portions of the receipt read as follows:

"Received for the account of G. W. Elliott, value and contents unknown, the goods enumerated in the schedule annexed for storage upon the following terms and conditions:

"It is agreed that said goods shall be stored at owner's risk of damage by moth, rust, fire, flood, earthquake, depreciation by time or similar causes. The above firm is not liable for injury to fragile articles that are not packed, or that are packed or unpacked by others than the employés of the warehouse.

"The responsibility of the above firm for the contents of any piece or package is limited to the sum of $50, unless the value thereof is made known at the time of storing and receipted for in the schedule. An additional charge will be made for a higher valuation.

"The responsibility of the above firm for cartage, storage, and handling is limited to ordinary diligence."

It appears that the damage was originally occasioned by a leak in the roof of the warehouse where the goods were stored which developed during a rain and wind storm occurring in January, 1922.

The case was submitted to a jury upon the general issue. A verdict for plaintiff was returned, assessing his damages in the sum of $1,500, with interest, and judgment was rendered in accordance therewith.

Appellant presents no assignment which in any wise questions the sufficiency of the evidence to support the favorable finding in the plaintiff's favor upon any issue of fact in the case. All of the assignments relate to alleged errors in the general charge and the refusal of requested special instructions.

[1] The court instructed the jury that the provision in the contract limiting the liability of defendant to the sum of $50 for any piece or package was invalid, and to disregard the same. Complaint is made of this instruction; it being asserted that this was a valid stipulation.

The courts of some states regard warehousemen as standing upon a different footing from that of common carriers, and uphold such contracts. As applied to a warehouseman, the question of his right at common law to make such a contract has never been decided in this state. We need not stop to inquire into the validity of the stipulation at common law, for it is forbidden under the statutes of this state relating to warehouses and warehousemen: Articles 7819 to 7826, Complete Texas Statutes 1920.

Article 7819 reads:

"All persons, firms, companies or corporations who shall receive cotton, wheat, rye, oats, rice, or any kind of produce, wares, merchandise, or any description of personal property in store for hire, shall be deemed and taken to be public warehousemen.

"A warehouse, within the meaning of this act, shall be a house, building, or room in which the above mentioned commodities are stored and are protected from damage thereto by the action of the elements." Vernon's Ann. Civ. St. Supp. 1922, art. 7819.

Article 7824 reads:

"No public warehouseman shall insert in the public warehouse receipt issued by him any language limiting or modifying his liabilities or responsibilities as imposed by the laws of this state, excepting, 'not accountable for leakage or depreciation,' or words of like import and meaning." Vernon's Sayles' Ann. Civ. St. 1914, art. 7824.

Under the law, independent of any statute, it is the duty of a public warehouseman to use ordinary care to protect property stored with him and is responsible for full damages occasioned by his failure so to do. Any limitation upon this responsibility is prohibited by article 7824. The stipulation in question is thus prohibited by said article.

[2] Appellant asserts that these statutory provisions have no application to it because the record does not disclose that it had complied with and was operating under the Warehouse Act, citing in support of this position the ruling of this court in Security National Bank v. Farmers, etc. (Tex. Civ. App.) 185 S. W. 649, where it was held that only those persons who received property in store for hire under the provisions of the act, and only those warehouses which are owned or controlled, conducted, and managed in accordance with its provisions were within the purview of the act.

That decision was based upon the then existing definition of a public warehouseman and public warehouse as contained in article 7819 and upon article 7827 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7827), which recognized a distinction between public and private warehouses and warehousemen, and which distinctly declared that the law had no application to private warehouses or to the issuance of receipts by their owners or managers.

But by chapter 54, Acts Thirty-Sixth Legislature, 2 C. S. art. 7819, was amended so as to read as quoted above, and article 7827 was repealed. By this act the distinction between public and private warehousemen who receive any description of personal property in store for hire is in effect abolished. They are all to be deemed and taken to be public warehousemen, governed by the statutory provisions, and such a warehouseman cannot escape the effect of those laws by a simple failure to comply with some of the provisions thereof. For this reason the ruling in the Security National Bank Case has no application. The record in this case fails to show that appellant has complied with the provisions of article 7821 nor is the receipt issued by it in the form prescribed by the law, but appellant's president testified that it was doing "a general transfer and warehousing business, for the general public

in El Paso, for hire." This admitted fact rendered appellant subject to the provisions of articles 7819 to 7826, R. S.; and under article 7824 it was not permissible for it to insert in its warehouse receipt the limitation of liability relied upon.

The appellant also contends that the stipulation is not in conflict with article 7824, it being asserted in the brief that—

"If the above section were applicable in the present case, which we do not concede, but expressly deny, it would not change the rule permitting an agreement as to valuations, because there is no law in this state prohibiting such an agreement. The statutory law is emphatically silent on the subject, and the common law, as shown above, expressly permits such agreements on the ground that they are a fair exercise of liberty of contract, and in no way contrary to public policy."

The common law, as stated above, imposes upon a warehouseman the duty of exercising ordinary care to protect property stored with him, and imposes full liability to respond in damages for any injury resulting from his failure so to do. It is obvious that the effect of the stipulation is to limit this responsibility, and this is expressly prohibited by article 7824.

[3] It is further contended that said article is an unwarranted interference with the right to contract, and thus in conflict with the Fourteenth Amendment to the federal Constitution.

One undertaking to serve the general public as a warehouseman for hire engages in a business which affects the property of the public confided to his care, and in the exercise of the police power it is, in our opinion, competent for the Legislature to impose a restriction upon any right which he might otherwise have of limiting his liability to respond in full for any damages resulting from his own negligence. We think the statute is not subject to the constitutional objection urged against it. Waters Pierce v. State, 19 Tex. Civ. App. 1, 44 S. W. 936, at page 940, affirmed 177 U. S. 28, 20 S. Ct. 518, 44 L. Ed. 657; Tex. Brew. Co. v. Durrum (Tex. Civ. App.) 46 S. W. 880; Am. Nat. v. Hawkins (Tex. Civ. App.) 189 S. W. 330; Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 S. Ct. 281, 43 L. Ed. 552; Dillingham v. McLaughlin, 264 U. S. 370, 44 S. Ct. 362, 68 L. Ed. 742; Shallenberger v. Bank, 219 U. S. 114, 31 S. Ct. 189, 55 L. Ed. 117; Holden v. Hardy, 169 U. S. 366, 18 S. Ct. 383, 42 L. Ed. 780; Solon v. State, 54 Tex. Cr. R. 261, 114 S. W. 349.

For the reasons indicated the court properly instructed the jury to disregard the provision in the contract limiting the appellant's liability.

[4] The eighth paragraph of the court's charge is as follows:

"If you find in favor of the plaintiff, and that any part of the goods returned to plaintiff were in a damaged condition, the measure of damages as to such item or items would be the difference between the actual value of the goods to plaintiff on the date of their return in the condition they would have been in had ordinary care been used to prevent damage, if ordinary care was not used, and their actual value to plaintiff, if any, in the condition they were actually in when returned to plaintiff."

The only objection made by appellant to this paragraph prior to its submission to the jury reads:

"The defendant objects to the eighth clause of the court's charge because the said charge is erroneous and does not state the true measure of damages, in this, that it attempts to place the measure of damage at the actual value of the goods to plaintiff, irrespective of the market or intrinsic value of the goods of like character in the city of El Paso, Tex., at the time of the alleged loss or damage to the said goods; it not having been shown that the goods, consisting of sheets, pillow cases, towels, dish rags, table cloths, napkins, window curtains, laundry bags, dresser scarfs, etc., had any especial or sentimental value which would make them of more value to plaintiff than new goods of a like character."

At the request of appellant the court gave its special instruction No. 13 as follows:

"You are instructed with reference to the measure of damages that you will take into consideration the cost of the various articles, the extent of their use, whether worn or not, their deterioration, if any, by reason of age, their deterioration, if any, by reason of long storage, and their deterioration by reason of the natural causes or inherent defects, and the time at which the value will be fixed is the time that the plaintiff demanded the return of his goods, or the date the boxes were delivered to plaintiff."

The only objection to paragraph 8 presented in the brief is that it is erroneous because "the true measure of damages in this case for the household furniture and effects damaged being the difference in their actual value just prior to and just subsequent to the injury."

Appellant assumes that all of the damage occurred at the time the goods first became wet in January, 1922, but there is evidence which indicates that the damage inflicted then was progressive and continued as the natural result of the first wetting until they were delivered to appellee in the following December. It appears that they were permitted by appellant to remain wet for a time, which caused them to mildew, gradually rot, and progressly deteriorate. Under these circumstances the court properly fixed the date of redelivery as the time at which to estimate their value.

[5] But in any event the objection now made is not the one presented to the trial court prior to its submission to the jury, and was therefore waived. Article 1971, R. S. Complete Texas Statutes 1920. Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

[6] Furthermore, upon the principle of invited error, the appellant is precluded from making the present objection by his action in procuring the submission of its special charge 13, which likewise instructed the jury to fix the value as of the date of redelivery of the boxes.

[7, 8] Error is assigned to refusal of an instruction giving a definition of an "act of God" and instructing the jury that a warehouseman is not liable for goods destroyed by such an act without contributing negligence upon his part.

The court, however, gave another charge requested by defendant, submitting its defense that the injury was caused by an act of God, and it was not incumbent upon the court to submit the issue again. To have done so would have given undue prominence to this defense, and for that reason improper. Furthermore, under the main charge of the court and special instructions given at the request of the defendant, it was made perfectly plain that the plaintiff could not recover for any damage resulting from injury to the goods except that which was occasioned by the defendant's own negligence.

[9] There are several more assignments which complain of the refusal of instructions requested. The general charge, supplemented by six special instructions given at the appellant's request, fully and completely presented its defenses. This was all it was entitled to, wherefore these assignments present no error.

Affirmed.