

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Dept. of Agriculture     Opinion No. O-1645
Austin, Texas            Re: What, if anything, is the cor-
                             rect procedure for requiring a
Att'n: E.B. Kuehne           public warehouseman to post the
Asst. Director               bond required by Article 5569
Market & Warehouse           and procure the certificate?
Division                     What, if anything, may be done
                             in the event he fails to do so?

Gentlemen:

        We are in receipt of your request for an opinion upon the
following question:

        "We have received from Maxwell E. Welch a letter which reads
        as follows:

        "'In a suit pending in the Bowie County courts the point
        has been raised as to the liability of a public warehouse-
        man, operating as a public warehouseman for hire, on his
        failure to pose the statutory warehouseman's bond.

        "' Art. 5568, R. C. S., defines the public warehouseman
        as any person who received the articles enumerated therein
        for storage for hire, and Art. 5569 provides that the owner,
        proprietor, lessee or manager of any public warehouse shall
        secure from the County Clerk a certificate to do business
        as a public warehouseman and to post bond in the penal sum
        of $5,000.00, payable to the state of Texas. The statutes
        do not provide any penalty, punishment nor liability for
        the failure of the Warehouseman to provide such bond and/or
        certificate to transact business as such. What, if any-
        thing is the correct procedure for requiring one to post
        such bond and procure the certificate? And what, if any-
        thing, may be done in the event he fails to do so?'

        "For your convenience we are enclosing copy of State Ware-
        house Laws, and would appreciate an opinion from you as
        to what may be done in case a warehouseman fails and re-
        fuses to comply with warehouse laws in regard to filling the
        required bond, and still operates a warehouse for the public.

        In the Uniform Warehouse Receipts Act (S.B. No. 215,
chapter 126, General Laws, 36th Legislature, Regular Session,

1919), Articles 5612-5665, Revised Civil Statutes, 1925, a "warehouseman" is defined as follows in Article 5664:

"'Warehouseman' means a person lawfully engaged in the business of storing goods for profit."

Article 5661, Revised Civil Statutes, 1925, states "who may become public warehouseman":

"Any person, firm, corporation, partnership, or association of persons, may become a public warehouseman under the provisions of this chapter by filing with the county clerk of the county in which he is located and proposes to do business, a good and sufficient bond in the sum of five thousand dollars conditioned that he will conduct his business in accordance with the provisions of this chapter. Upon the filing and approval of such bond with the county clerk, it shall be the duty of the county clerk to immediately certify such fact to the Commissioner of Markets and Warehouses. Any one injured by the violation of the terms of the bond, and the provisions of this chapter may recover damages to the extent of said bond. Should said bond become impaired by recovery, or otherwise, said Commissioner may require such public warehouseman to file an additional bond, but in no event shall such additional bond be for a greater amount than five thousand dollars. The bond required hereunder shall be good for the term of one year from the date of filing and the right to continue as a public warehouseman shall be conditioned upon the renewal of said bond from year to year, according to the terms of this chapter. The form of the bond required hereunder shall be prescribed by said Commissioner, and the bond may be made by any surety company authorized to do business under the laws of this State; or by two solvent sureties to be approved by the county clerk of the county in which such public warehouseman may desire to do business."

Acts 1925, 39th Legislature, Chapter 13, p. 35, §1-6, abolish the office of Commissioner of Markets and Warehouses and the Markets and Warehouse Department and the Weights and Measures Department and vest their duties and functions in the Commissioner of Agriculture. See Sec. 1 of Article 5611, Revised Civil Statutes, 1925.

Article 5568, Revised Civil Statutes, 1925, (Acts 1901, p. 251, Acts First Called Session, 1913, p. 93, Acts Second Called Session, 1919, p. 138) defines "public warehouseman" and "warehouse". It is to be observed that these definitions were passed by the Legislature subsequent to the Uniform Warehouse Receipts Act. See H.B. No. 63, Chapter 54, General Laws, First

Department of Agriculture, page 3   (O-1645)


and Second Called Sessions, 36th Legislature, 1919.

Article 5568 reads as follows:

"Any person, firm, company, or corporation who shall receive cotton, wheat, rye, oats, rice, or any kind of produce, wares, merchandise, or any personal property in store for hire, shall be deemed and taken to be public warehousemen.

"A warehouse, within the meaning of this law shall be a house, building, or room in which any of the above mentioned commodities are stored and are protected from damage thereto by action of the elements."

It has been held that the distinction between public and private warehousemen who receive any description of personal property in store for hire is, in effect, abolished by the provisions of Article 5568, supra, defining "public warehousemen". LONGWELL TRANSFER v. ELLIOTT, 267 S.W. 346.

Article 5569, Revised Civil Statutes, 1925, provides for the obtaining of certificate and bond by "the owner, proprietor, lessee, or manager of any public warehouse, whether an individual, firm, or corporation". It is to be noted that these acts are to be done "before transacting any business in such public warehouse". Article 5569, Revised Civil Statutes, 125, should be compared with Article 5561, Revised Civil Statutes, 1925. The former article reads as follows:

"The owner, proprietor, lessee or manager of any public warehouse, whether an individual, firm or corporation, before transacting any business in such public warehouse shall procure from the county clerk of the county in which the warehouse or warehouses are situated, a certificate that he is transacting business as a public warehouseman under the laws of the State of Texas, which certificate shall be issued by said clerk upon a written application, setting forth the location and name of such warehouse or warehouses, and the name of each person, individual or a member of the firm, interested as owner or principal in the management of the same, or, if the warehouse is owned or managed by a corporation, the name of the president, secretary and treasurer of such corporation shall be stated, which application shall be received and filed by such clerk and preserved in his office, and the said certificate shall give authority to carry on and conduct the business of a public warehouse and shall be revokable only by the district court of the county in which the warehouse or warehouses are situated, upon a proceeding before the court, by written petition of any person, setting forth

the particular violation of the law, and upon process, procedure and proof, as in other civil cases.  The person receiving a certificate, as herein provided for, shall file with the county clerk granting same, a bond payable to the State of Texas, with good and sufficient surety, to be approved by said clerk, in the penal sum of five thousand dollars, conditioned for the faithful performance of his duty as a public warehouseman, which bond shall be filed and preserved in the office of such county clerk."  (underscoring ours)

After a most careful search of the civil and criminal statutes of this state we advise that the statutory law provides no penalty either in the form of a fine or imprisonment for failure to file the bond called for in Articles 5661 and 5569, supra, on the part of any person, firm, or corporation engaged in the business of a public warehouseman and of storing property for hire.  The Legislature intentionally or through oversight failed to establish a penalty for violating the bond requirements of these statutes.

Furthermore, there is no provision of the Constitution of Texas or statute directly authorizing an equity action by the state to enforce Articles 5661 and 5569.  Nor can we find constitutional or statutory authority to the effect that violation of the public warehouseman's bond requirement constitutes an injury to the property or civil rights of the public at large.  We are therefore unable to hold that the attorney general, the district attorney and the county attorney may institute and maintain suits in the name of the state, without statutory or constitutional authority, to protect purely private rights, in which the state, as such, has no interest, and which involve no injury to the property or civil rights of the public in general EX PARTE EMORY H. HUGHES, No. 7584 Supreme Court of Texas; STATE v. PATTERSON, 37 S.W. 478.  There is no basis in equity for an injunction suit by the state to restrain a public warehouseman from operating without having previously posted a bond.

In Ex Parte Emory H. Hughes, supra, the Supreme Court commented upon the jurisdiction of a court of equity as follows:

"Our courts of equity, as such, have no jurisdiction to entertain suits to enjoin the commission of acts merely because such acts constitute crimes or penal offenses under penal laws.  This is because equity is not concerned with the enforcement of penal or criminal statutes. When the State, through its proper officers, invokes the jurisdiction of a court of equity to abate a nuisance, it must be shown either that the action is directly authorized by some constitutional or statutory law, or that such nuisance is an injury to the property or civil rights of the

public at large, - that is, to the public generally. ***"

Failure to file the bond required of a public warehouseman in compliance with Articles 5661 and 5569, supra, does not constitute a public nuisance or an injury to the entire public such as to give the state a justiciable interest and support a state suit to enjoin the operation of the public warehouseman without statutory authority.

We do not question the power and authority of the Legislature to authorize an injunction suit by the state against the public warehouseman who refuses to file a bond, and to restrain him from operating, but it has not done so and in view of the authorities above quoted it is not to be assumed that the court would invade the legislative prerogative and create a remedy by injunction by judicial construction.

24 TEX.JUR., p. 70:

"*** The legislature, however, has the power to authorize the issuance of injunctions to prevent injury to the public by violations of law which are also crimes; and it has done so in many cases. Thus it has provided that the writ may be granted to abate or prevent the keeping of disorderly houses and gambling places, the operation of unlicensed employment agencies and illegal pipe lines, the maintenance of offensive dumping grounds, the formation of monopolies and combinations, the waste of natural gas, the sale of defective fertilizers, the unlawful practice of medicine, the violation of intoxicating liquor laws, the unlawful use of motor vehicles, and perhaps others."

24 TEX.JUR., p. 21:

"While it is a general rule that the state may sue for an injunction to prevent criminal acts whenever its interests or the interests of those entitled to its protection are injuriously affected, it seems that the state has no right to an injunction to prevent commission of a misdemeanor which is neither a nuisance nor a violation of any property right. There are also various statutes which authorize injunction suits in the name of the state to prevent acts which are injurious to the public, although they may not be positive crimes."

It is our opinion that in the absence of a statutory penalty for violation of the bond provisions of Articles 5569 and 5661, Revised Civil Statutes, 1925, and in the absence of constitutional and statutory authorization of the remedy of injunction the state is powerless at law or equity to proceed

against a public warehouseman who fails and refuses to comply
with the warehouse laws in regard to filing the required bond.

Trusting we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Dick Stout
Dick Stout, Assistant

APPROVED NOV 29, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

DS:ob:wb