IN THE MATTER OF THE ESTATE OF RAYMOND HOAG-
LAND, LATE OF COUNTY OF MONMOUTH, DECEASED.

Argued May 17, 1954—Decided June 14, 1954.

*Mr. Walter E. Cooper* argued the cause for the appellants.

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a part of a judgment of the Monmouth County Court, Probate Division, entered December 9, 1953, which denied the application of Porter Hoagland for the confirmation of an appointment by him of a corporate co-trustee of a trust created by the last will and testament of Raymond Hoagland, deceased. The appeal was certified here on our own motion, *R. R.* 1:10–1(*a*). The appeal is taken by a legatee and trustee under the will and also by the guardian *ad litem* for infant beneficiaries and remaindermen. There are no respondents.

The testator died a resident of Rumson, New Jersey, on April 17, 1927, and his will was admitted to probate by the

Monmouth County Surrogate's Court on April 29, 1927. A substantial part of his property was left in trust, and since that date Raymond Hoagland, Jr., one of the designated trustees, was discharged by an order of the Monmouth County Orphans' Court dated March 20, 1930. A second trustee, Joseph C. Hoagland, recently resigned and was discharged by the judgment now under review.

The present application was made by Porter Hoagland, the one remaining trustee, who exercised the power of appointment given by the 13th paragraph of the will and designated as a substituted trustee, City Bank Farmers Trust Company of the Borough of Manhattan, New York, New York, a trust company with its principal place of business in the City of New York. The 13th paragraph of the will states that any surviving trustee is empowered to designate as a substituted trustee "a Trust Company having its principal office in the Borough of Manhattan, City and State of New York, and generally recognized as a Trust Company of the highest class and of the strongest financial rating and resources." It is not disputed that the suggested trustee, City Bank Farmers Trust Company, generally meets the qualification set forth in this paragraph.

The question here presented is whether such trust company can be appointed in view of the provisions of *R. S.* 17:9A–316(*B*):

"B. A foreign bank, other than one excluded by subsection A of this section, may transact business in this State only as executor or as testamentary trustee or guardian, *and then only when named in a decedent's will or codicil thereto.* Before transacting such business in this State, a foreign bank shall secure from the commissioner a certificate of authority to transact such business. The commissioner shall not issue a certificate of authority to a foreign bank unless a qualified bank is permitted to transact business as executor, or as testamentary trustee or guardian, when named in a will or codicil thereto, in the jurisdiction in which the foreign bank has its principal office."

The trial court denied the application to confirm the appointment on the ground that a foreign bank or trust com-

pany could only be designated when it is named in the will, and that the language of the statute was controlling rather than the language of the will.

The appellant argues that under the law in effect at the time the testator died and when the will was probated in 1927, the prohibition found in the statute and relied on below was not part of the statutes of this State.

Our original statute, L. 1907, c. 35, sec. 1, 1 Comp. Stat. p. 183, sec. 58, was in broad and general language and prohibited foreign banking corporations from transacting business generally in this State and merely permitted them to transact business in this State to the extent that similar corporations of New Jersey were permitted to transact business in such state, kingdom or government of the foreign banking corporation, and provided further that every foreign banking corporation had to comply with the laws of this State for doing business here. The history of this statute is discussed in The Pennsylvania Co., etc. v. Gillmore, 142 N. J. Eq. 27, p. 36 et seq. (Ch. 1948).

At the time of the probate of this will the New York statute, L. 1923, c. 23, par. 223, permitted a foreign bank to act under the last will and testament of any deceased person in that state, provided that New York banking institutions were permitted to act as executor or trustee in the state where such foreign corporation had its domicile. So at the time of the probate of the will the City Bank Farmers Trust Company could have qualified to transact business in this State.

However, in 1941 our Banking Act was amended by L. 1941, c. 190 and foreign banking institutions which were acting as executors and trustees under wills of decedents domiciled in this State were brought under strict regulation. These enactments were precipitated in a large part by the decision and situation disclosed in the case of In re Johnston's Estate, 127 N. J. Eq. 577 (Prerog. Ct. 1940), affirmed 129 N. J. Eq. 104 (E. & A. 1941), where a foreign banking institution had attempted to administer the will of

a testator domiciled in this State according to the laws of the State of Pennnsylvania.

*L.* 1941, *c.* 190 limited foreign banking institutions from transacting business in this State "except as executor of the last will and testament or codicil thereto of a decedent or except as a trustee under the last will and testament or codicil thereto of a decedent *and then only when named therein as such trustee.*" And this statute further required that if such corporation should comply with the requirements of this State for the transaction of business and should procure a certificate of authority from the Commissioner of Banking and Insurance, post certain bonds and comply with the regulations and rules promulgated by the Commissioner, and it was further provided that such transaction of business would not be permitted unless similar corporations of this State and national banking associations admitted to transact business in this State were permitted to transact business in the same fiduciary capacities in that foreign state, kingdom or government. These provisions are now found in the present Banking Act, including *section* 17:9A–316 *et seq.,* since all prior provisions were repealed by *L.* 1948, *c.* 67, *sec.* 336; *N. J. S. A.* 17:9A–336.

The argument of the appellant is that the designation of the City Bank Farmers Trust Company pursuant to the power of appointment contained in the will relates back to the date of the testator's death and the time of the probate of the will, at which time there was no requirement that a foreign bank or trust company be named in the will. He argues that to construe the statute as having a retrospective effect would be contrary to the intendment of the statute and would cause injustice in defeating the intention of the testator who died prior to the enactment thereof. He further argues that it would impair interests established by a will probated prior to its enactment.

 The statute in question is the general banking act of this State and was enacted under the reserve police power of this State. That the State had the power to enact such

a statute is not open to question. *Noble State Bank v. Haskell,* 219 *U. S.* 104, 31 *Sup. Ct.* 186, 55 *L. Ed.* 112 (1911) ; *Shallenberger v. First State Bank of Holstein,* 219 *U. S.* 114, 31 *Sup. Ct.* 189, 55 *L. Ed.* 117 (1911). The constitutional point made by the appellant that the construction placed upon the statute by the court below would disturb interests established by the will at the time of its probate is without significance because the law is well settled that such rights may be disturbed by a statute enacted under the police power of the State where the means employed in the statute are reasonably related to the ends sought to be achieved thereby. *Cf. Bucsi v. Longworth B. & L. Assn.,* 119 *N. J. L.* 120 (*E. & A.* 1937), and the cases cited there. Further, there is nothing in the Federal Constitution which forbids the Legislature of a state to limit, condition or even abolish the power of testamentary disposition over the property within its jurisdiction. *Irving Trust Co. v. Day,* 314 *U. S.* 556, 62 *Sup. Ct.* 398, 86 *L. Ed.* 452 (1942).

The 1941 amendment for the purposes of this case concerns itself only with the right of a foreign bank to transact business in the State of New Jersey and the regulation thereof. Some of the mischief aimed at is disclosed in the case of *In re Johnston's Estate, supra,* but the statute evinces a clear intention on the part of the Legislature to permit foreign banking institutions to act as executor or trustee under a last will and testament of a person domiciled in this State only under the conditions named in the statute. The language is clear and explicit and is not open to doubt, and the only foreign banking institutions which can qualify to carry on business in this State are those that can meet the terms and conditions of the statute. The statute is clearly one of limitation and the mischief was such that regulation was called for immediately.

The City Bank Farmers Trust Company is not mentioned in the will, although it can be said it falls within the general classification of the type of fiduciary that the

testator hoped would be appointed under the power of appointment; but we cannot read into the statute the exception contended for by the appellant without doing violence to the language thereof. Such action on our part would be an invasion of the right of the Legislature to fix the policy in such an important situation as this.

The judgment therefore is affirmed.

HEHER, J. (dissenting). The question is essentially one of statutory construction. Is the City Bank Farmers Trust Company of the Borough of Manhattan, New York, otherwise concededly qualified, incapable of serving as corporate co-trustee of a trust created by the will of the deceased by reason of *L.* 1941, *c.* 190, *N. J. S.* 17:9A–316(*B*), providing that a foreign bank "may transact business in this State only as executor or as testamentary trustee or guardian, and then only when named in a decedent's will or codicil thereto"?

I would resolve the inquiry in favor of capacity. The testator died a domiciliary of Rumson, New Jersey, on April 17, 1927. The will designated his three sons as trustees of the trusts therein created; and it was provided that in the event of a vacancy by death, disability or resignation, the surviving trustees or trustee shall have power to nominate as co-trustee such person or corporation as the surviving trustees or trustee "may deem best qualified and to apply to a court of competent jurisdiction for the appointment as a substituted trustee * * * of the person or corporation so nominated; provided, however, that either the person so nominated shall be a direct descendant of mine or the corporation so nominated shall be a Trust Company having its principal office in the Borough of Manhattan, City and State of New York, and generally recognized as a Trust Company of the highest class and of the strongest financial rating and resources."

The designation of this New York trust company as a substituted trustee was a valid exercise by the surviving

trustee of the power of appointment conferred by the will; and I conceive it to be within the permissive policy of the statute.

The statutory design was to capacitate a foreign bank for such service when the testator had so willed; and is this not the case where, as here, the testator has directed that the substituted trustee shall be either his direct descendant or a trust company established in the Borough of Manhattan, City and State of New York, and otherwise qualified as he has provided in his will? The Legislature undoubtedly had in view the fulfillment of the testatorial intention; otherwise, the bar of the statute is operative. There is no discernible reason of policy which would differentiate the specific designation of such a corporate trustee in the will and the execution of the power to substitute a corporate trustee such as we have here. The testator directed the surviving trustee, in the exercise of the power, to appoint either his direct descendant or a trust company of the Borough of Manhattan, of recognized strength. I find nothing in the statute designed to defeat the fulfillment of this testamentary mandate. Its manifest policy is to exclude foreign banks from this area of service save where the testator has willed otherwise.

The reason of the law, *i. e.*, the motive which led to the making of it, is one of the most certain means of ascertaining the true sense of its terms. *State v. Morano*, 134 *N. J. L.* 295 (*E. & A.* 1946). The strict letter yields to the reason and spirit of the statute. The apparent legislative intent, assessed in the context of the object of the legislation, prevails over the letter of the act. *Fedi v. Ryan*, 118 *N. J. L.* 516 (*Sup. Ct.* 1937). It was one of the early canons of construction that a thing within the intention of the makers of a statute is as much within the statute as if it were within the letter. *Zouch and Stowell, Plow.* 366, 10 *Rep.* 101 (1797). But a thing which is in the letter of a statute is not within the statute unless it be within the intention of

the makers. *Bac. Ab., Tit. Statute* I. We look to the spirit that vivifies, not to the letter that killeth.

I would reverse the judgment.

JACOBS, J., concurs in this opinion.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Justices HEHER and JACOBS—2.